UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Advocates for Human Rights and L.H.M., through her next friend C.A., | Court File No. 0:260-cv-00749 (NEB/DLM) |
| Plaintiffs, | |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as the Acting Executive Director for Immigration and Customs Enforcement's Enforcement and Removal Operations; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director for Immigration and Customs Enforcement's Enforcement and Removal Operations St. Paul Field Office; U.S. FEDERAL PROTECTIVE SERVICE; and FARON K. PARAMORE, in his official capacity as Director of the Federal Protective Service, | **DECLARATION OF DANIELLE ROBINSON BRIAND** |
| Defendants. | |

## DECLARATION OF DANIELLE ROBINSON BRIAND

I, Danielle Robinson Briand, declare the following is true and accurate to the best of my knowledge and recollection:

1. I am over the age of 18 and am competent to testify to the matters set forth herein.

2. I am an attorney licensed to practice in New York and Connecticut, before U.S. Immigration Courts, before the Board of Immigration Appeals, and before the US Court of Appeals for the Eighth Circuit.

3. I have practiced immigration law for 14 years, and am a member of the American Immigration Lawyers Association.

4. I have represented L.H.M. since January 10, 2024.

5. L.H.M. is in removal proceedings with a pending asylum application, and has a valid Employment Authorization Document. I represent her in those proceedings, during which I have corresponded with various DHS subagencies on her behalf many times.

6. My G-28 notice of appearance is on file through ICE's ERO eFile portal.

7. On January 27, 2026, around 1:00 p.m., I learned that ICE had detained L.H.M. when she arrived for a scheduled check-in with the Intensive Supervision Appearance Program.

8. On January 27, 2026, around 4 pm, I arrived at Whipple to attempt to consult with L.H.M. about her legal case. I have previously met in private with clients at Whipple on numerous occasions. However, ever since the commencement of Operation Metro Surge, I have been denied access to clients who I know are detained at Whipple for processing prior to their transfer to a detention center.

9. I was told by federal agents at Whipple that they didn't have "capacity" for me to meet with my client. I had also gone to Whipple earlier that day in hopes of meeting with a different client who had been detained there the previous night; the agents similarly refused to let me speak with my client, saying that he likely was not there and refusing to give me any further information about where he was.

10. I am particularly concerned about consulting with L.H.M. because of her medical condition. She recently had cranial surgery—so recently that the incisions in the back of her skull are still healing. I don't know the full scope of her post-surgery restrictions or medical needs, but I understand that they are significant. I need to speak with L.H.M. both to make sure that her medical needs are being accommodated wherever she is being detained, and so that I can assist her habeas counsel in advocating for her release on bond.

11. Moreover, I expect that Defendants' agents will attempt to pressure my client into abandoning her rights and self-deporting while they are preventing me from advising her about their rights and my efforts on her behalf. Each time one of my clients is transferred to Texas, it's taken several days before I've been allowed to speak with them. And for some, I haven't been able to talk with them at all until after their release. When I finally do talk with them, they've uniformly reported that Defendants' agents questioned them and pressured them to self-deport, and subjected them to inhumane conditions that made them want to give up on their rights just to escape captivity. This deeply impairs my ability to counsel, advocate for, and associate with clients like L.H.M.

I declare the foregoing is true and accurate to the best of my knowledge.

Dated: 1/28/26          Signed: _____