UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Advocates for Human Rights and L.H.M., through her next friend C.A., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as the Acting Executive Director for Immigration and Customs Enforcement's Enforcement and Removal Operations; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director for Immigration and Customs Enforcement's Enforcement and Removal Operations St. Paul Field Office; U.S. FEDERAL PROTECTIVE SERVICE; and FARON K. PARAMORE, in his official capacity as Director of the Federal Protective Service, <br><br> Defendants. | Court File No. 0:260-cv-00749 (NEB/DLM) <br><br><br> **DECLARATION OF CEDAR WEYKER** |

## DECLARATION OF CEDAR WEYKER

I, Cedar Weyker, declare the following is true and accurate to the best of my knowledge and recollection.

1. I am an attorney licensed to practice law in the State of Minnesota (MN Attorney ID No. 0504697). I am an Immigrant Justice Corps Fellow at the Advocates for Human Rights ("AHR"), based in Minneapolis, where I have worked since August 31, 2023. I am a member of the American Immigration Lawyers Association ("AILA").

2. I represent Mr. A in his removal proceedings. Mr. A entered the United States as an Unaccompanied Alien Child ("UAC") in 2022.

3. Mr. A's asylum application is currently pending before United States Citizenship and Immigration Services ("USCIS"). Mr. A was granted Special Immigrant Juvenile Status in 2024 and has deferred action. His removal proceedings were terminated in the fall of 2024.

4. On Monday, January 19, 2026, I received a call from my client's family friend informing me that Mr. A had been detained by immigration officials. January 19 was Rev. Martin Luther King Jr. Day, a federal holiday.

5. I filed my G-28, Notice of Entry of Appearance as Attorney, via Enforcement and Removal Operations' ("ERO") online ERO eFile tool at 1:23 pm that same day. By digitally filing the G-28, I entered my appearance as Mr. A's attorney for all matters before ERO.

6. Mr. A's name did not initially appear in the detainee locator. Given immigration officials' recent practice of holding detained noncitizens at Fort Snelling before shipping them to secondary locations in Texas, I had reason to believe that he was being held at the Bishop Henry Whipple Building at Ft. Snelling.

7. On the morning of Tuesday, January 20, I traveled to the Bishop Henry Whipple Federal Building at Fort Snelling to attempt to meet with my client. I entered the building at approximately 9:50 am. I was directed by security to an ERO window and waited in line. When I reached the desk, I handed the attendant a copy of the G-28 I had submitted through ERO eFile and my business card, which listed my phone number. I requested to meet with my client.

8. The attendant told me that they were not allowing detainees to meet with attorneys "for security reasons." I requested that the attendant give Mr. A my business card so that he had the best number at which to reach me.

1

9.      The attendant told me she would give my card to a detention officer. I repeated that I wanted my card given to my client so that he had my contact information. After this interaction, I left the building. Mr. A later told me that he never received my card.

10.     The next day, I received confirmation that Mr. A had at some point been moved to El Paso, Texas, and was now detained at Camp East Montana.

11.     I was able to schedule a remote meeting with Mr. A via the ERO eFile portal for Thursday, January 22. I spoke with Mr. A over the phone on Thursday and explained that I had also scheduled meetings with him for Friday, January 23, and Saturday, January 24, via Zoom.

12.     On Friday, January 23, my client did not appear for our scheduled remote Zoom call. My client was also not present for our Saturday, January 24, meeting.

13.     I scheduled another remote call with Mr. A for the afternoon of Sunday, January 25. Shortly after 11:00 am on Sunday, January 25, a detention official called and said that there was an earlier opening. She asked if I would like to meet with my client in twenty minutes. I agreed.

14.     I spoke with Mr. A over the phone at approximately 11:30 am on Sunday, January 25. Mr. A informed me that he was told by detention center staff that our remote visit on Friday, January 23, had been "cancelled." Detention center staff prevented Mr. A from attending our remote meeting on Saturday, January 24. They told Mr. A he could not attend the meeting because it was time for head count.

15.     As of the date of this affidavit, Mr. A has been in the Department of Homeland Security's custody for a week. Mr. A's new charging documents have not been made available to me. It is not clear to me whether the Department has even issued any new charging documents. I have received no documentation indicating under which statute my client has been detained. His removal proceedings have not been reopened in the immigration court, and I am unaware of any scheduled hearings. It is difficult to advise Mr. A because I have no record of what charges Mr. A is being held under.

16.     With Mr. A in Texas, it will be significantly more difficult to coordinate attorney-client meetings and work on his case. The lack of communication and transparency from the Department of Homeland Security makes it difficult to advise Mr. A on his legal options and plan for or litigate his case.

17.     I spent several hours over the past week unsuccessfully trying to contact Mr. A. With unreliable access to my client, I know that it will take significant time and effort on my part to

2

communicate with Mr. A moving forward. The additional time I will spend working on Mr. A's case will almost certainly take time away from the other clients I represent.

Respectfully Submitted,

Dated: January 27, 2026                                                                /s/ *Cedar Weyker*

                                                                                          Cedar Weyker