UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS; L.H.M, | ) No. 26-cv-749-NEB/DLM |
| | ) |
| Plaintiffs, | ) **DEFENDANTS' OPPOSITION TO** |
| | ) **PLAINTIFFS' MOTION FOR CLASS** |
| v. | ) **CERTIFICATION** |
| U.S. DEPARTMENT OF HOMELAND | ) Date:       February 6, 2026 |
| SECURITY; KRISTI NOEM; U.S. | ) Time:       2:00 p.m. |
| IMMIGRATION AND CUSTOMS | ) Location:   Courtroom 13W |
| ENFORCEMENT; TODD LYONS; | ) |
| MARCOS CHARLES; DAVID | ) The Hon. Nancy E. Brasel |
| EASTERWOOD; U.S. FEDERAL | ) |
| PROTECTIVE SERVICE; FARON K. | |
| PARAMORE, | |
| | |
| Defendants. | |

## INTRODUCTION

On January 27, 2026, Plaintiffs filed a complaint against the Federal Defendants broadly alleging that Defendants are denying access to counsel at the Bishop Henry Whipple Federal Building ("Whipple"). The following day, they filed a motion to certify a class of "[a]ll persons initially detained in Minnesota pursuant to the Immigration and Nationality Act ("INA")." ECF # 32. The Court should deny the motion because Plaintiffs proposed class manifestly falls short of the Rule 23 requirements for class certification.

## BACKGROUND

In her complaint, the sole named individual Plaintiff, L.H.M., claims that she is currently in removal proceedings with a pending application for asylum. Comp. at ¶ 6. After being detained by the Department of Homeland Security, and on top of alleging that her detention adversely affects her medical condition, she alleges that her attorney arrived at Whipple and was not allowed to consult with her. *Id*.

On top of L.H.M.'s own allegations, the complaint raises a variety of allegations relating to the arrest of aliens as a result of Operation Metro Surge in Minnesota. Comp. at ¶¶ 17–26. The Complaint then turns to the allegations that support Plaintiffs' causes of action under the First and Fifth Amendments, as well as the Administrative Procedure Act. Comp. at ¶¶ 28–37, 46–87. In particular, the Complaint alleges that "Defendants have not provided detainees at Whipple with constitutionally adequate or statutorily compliant access to counsel." Comp. at ¶ 29. As example, they state that some attorneys have been told that no visitation is allowed while others have been told that an appointment is necessary, but Defendants are not answering the phone or email. Comp. at ¶¶ 30–31. As another example, the Complaint states that some detainees are not granted a phone call until after being booked at which time they may or may not have been transferred to another facility, which may or

may not be outside Minnesota. Comp. at ¶ 32. And for the detainees who do get a phone call, the Complaint alleges that the calls are monitored. Comp. at ¶ 33. Finally, the Complaint alleges various physical obstacles to attorneys visiting their clients, including having to move through areas of protest or meeting resistant guards at the entrance. Comp. at ¶¶ 35–37.

## ARGUMENT

### A.    Legal Standard

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 1432 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01, 99 S. Ct. 2545, 2557 (1979)). The party seeking class certification bears the burden of demonstrating that they have satisfied all four Rule 23(a) prerequisites and that their proposed class lawsuit falls within one of the three types of actions permitted under Rule 23(b). *See Amchem Prods., v. Windsor*, 521 U.S. 591, 614 (1997); *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013).

Rule 23(a) requires a party seeking to certify a class to first demonstrate the following:

(1)  The class is so numerous that joinder is impractical[(numerosity)];

(2)  There are questions of law or fact common to the class [(commonality)];

(3)   The claims or defenses of the named plaintiffs are typical of claims or defenses of the class [(typicality)]; and

(4)   The named plaintiffs will fairly and adequately protect the interest of the class [(adequacy of representation)].

Fed. R. Civ. P. 23(a). The Supreme Court has emphasized that "Rule 23 does not set forth a mere pleading standard" and, thus, a plaintiff "must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original). Consequently, the Court must conduct a "rigorous" class certification analysis, which may "entail some overlap with the merits of the plaintiff's underlying claim." *Id*. at 351. If the Court is not fully satisfied that all Rule 23 requirements are met, the Court cannot certify the class. *Id.* at 351–52.

After satisfying the requirements of Rule 23(a), the proposed class must also qualify under a Rule 23(b) subset. *AmChem Prods.*, 521 U.S. at 614. Plaintiffs here assert that their class should proceed under Rule 23(b)(2), Comp. at ¶ 45, Mot. at pp. 9–10, which permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). *See*

4

*also Wal-Mart Stores, Inc.*, 564 U.S. at 360 (under Rule 23(b)(2), "a single injunction or declaratory judgment would provide relief to each member of the class").

**B.     Plaintiffs fail to meet the numerosity requirement.**

Numerosity requires "an inquiry into whether the class is so numerous that joinder of all members is impracticable." *Belles v. Schweiker,* 720 F.2d 509, 515 (8th Cir. 1983). While the Eight Circuit has not adopted a particular number that satisfies numerosity, a plaintiff "bears the burden of establishing that numerosity does exist." *Id.* Here, Plaintiffs concede that the size of the class is unknown, Mot. at p.5, and instead proclaim that it includes hundreds, maybe even thousands, that fall within their proposed group of "[a]ll persons initially detained in Minnesota pursuant to the Immigration and Nationality Act ("INA")." Comp. at ¶ 39. Indeed, all Plaintiffs say in their complaint on this point is "[o]n information and belief, Defendants have detained thousands of people in Minnesota over the last few weeks, and continue to detain dozens if not hundreds more each day." Comp. at ¶ 40. Such speculation cannot satisfy Rule 23(a)(1), much less demonstrate impracticability of joinder.

Where Plaintiffs make no effort to identify a number of individuals who have been harmed by their allegations, they fail to meet the elementary requirement for Rule 23(a) numerosity. *See Belles*, 720 F.2d at 515 ("The only

evidence presented by Belles does not accurately identify even an approximate size of the class, much less demonstrate impracticability of joinder"). Thus, class certification is inappropriate.

## C.    The Proposed Class Is Overbroad and Fails to Meet the Commonality Requirement.

Plaintiffs' proposed class of "[a]ll persons initially detained in Minnesota pursuant to the Immigration and Nationality Act ("INA")," Comp. at ¶ 39, is overbroad and lacks commonality. It includes all detainees regardless of the legal basis for their removal and detention; all detainees regardless of how long they are held; all detainees whether or not they even want legal representation; and, despite their claims about Whipple, specifically, regardless of where in Minnesota they are being detained.

A class definition may be fatally overbroad if it "sweeps within it persons who could not have been injured by the defendant's conduct." *Ross v. Lockheed Martin Corp.*, 267 F. Supp. 3d 174, 191 (D.D.C. 2017) (quoting *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009)). As discussed, Plaintiffs' proposed class is so overbroad that it indisputably covers individuals who could not have been injured by Defendant's conduct. Again, the sole allegations regarding access to counsel concerns Whipple, but the class seeks to apply to anyone detained for any period anywhere in Minnesota. *See In re St. Jude Med. Inc.*, 425 F.3d 1116, 1121–1122 (8th Cir. 2005) ("A

6

suit could become unmanageable and little value would be gained in proceeding as a class action if significant individual issues were to arise consistently.").

Moreover, Plaintiffs' proposed class fails to satisfy the commonality requirement. Rule 23(a)(2) requires Plaintiffs to identify questions of law and fact common to the class. *See Wal-Mart*, 564 U.S. at 351. Plaintiffs assert that they meet the commonality requirement because "Defendants' practices violate class members' constitutional and statutory rights is a common question that is the same for all Class members." Comp. at ¶ 41But "merely advancing a question stated broadly enough to cover all class members is not sufficient under Rule 23(a)(2)." *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 478 (8th Cir. 2016). *See also id*. ("How one articulates the claims in any given case could artfully carry the day on the issue of commonality, since any competently crafted class complaint literally raises common questions.") (quotes omitted). Instead, it must depend on a common contention that allows a court to resolve the central issue of each claim "in one stroke." *Wal-Mart*, 564 U.S. at 350.

Here, the allegations in support of class certification widely vary. For example, Plaintiffs allege that federal officers have stated that no visitation has ever been permitted at Whipple, but at the same time stated that attorneys

need to make an appointment which they are not honoring. Comp. at ¶ 30–31. They further allege that "[m]any detainees" are not given a phone call until after they are booked and thus the opportunity in some cases has elapsed before they are transferred to another facility. Comp. at ¶ 32, 34. But at the same time, they state that detainees are allowed to make a phone call, but the call is not private. Comp. at ¶ 33. As these wide-ranging allegations exemplify, Plaintiffs are not challenging policies that are common to the class, but rather they assert discrete and disparate incidents of alleged harm that turn on each detainee's conditions of confinement, which are likewise not common to all putative class members.[1]

What is more, the putative class includes detainees regardless of the basis of their removal order or pre-removal order status. And this is important because alien detainees with final orders of removal do not have the same due process protections to access counsel as individuals applying for relief or protection as a part of their removal proceedings. *Compare* 8 U.S.C. § 1229a(b)(4)(A) with *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006) (concluding the statutory provision only "applies to removal

---

[1] These disparate allegations also undermine the purported "common questions of fact and law" as framed in Plaintiffs' motion. *See* Mot. at pp. 6-7 ("Are Defendants in fact barring Class members from meeting with counsel? Do Defendants provide confidential attorney-client phone calls? If not, does that violate the First and Fifth Amendment and the INA?").

proceedings" but not beyond these proceedings, such as with "motions to reopen" which are "to reconvene removal proceedings."). While every individual within the jurisdiction of the United States is entitled some level of due process, "the nature of protection[s] may vary depending upon status and circumstance[s]." *Zadvydas v. Davis*, 533 U.S. 678, 694 (2001); *see Las Americas Immigrant Advoc. Ctr. v. Wolf*, 507 F. Supp. 3d 1, 39 (D.D.C. 2020), *dismissed sub nom. Las Americas Immigrant Advoc. Ctr. v. Mayorkas*, No. 20-5386, 2024 WL 3632500 (D.C. Cir. Aug. 1, 2024) (noting that "claims of [due process] constitutional violations…[are] not always fully available to every claimant"); *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1254 (10th Cir. 2008) ("[I]t is not at all clear that removable aliens benefit from precisely the same advantages of due process as do citizens or lawful permanent resident aliens.").

As example, Plaintiff L.H.M. claims that she is in removal proceedings with a pending asylum application. Comp. at ¶ 33. Aliens in such proceedings have certain rights, including the "privilege of being represented." 8 U.S.C. § 1229a(b)(4)(A). *See also* 8 U.S.C. § 1362. But detainees with final, executable removal orders issued after the completion of removal proceedings possess only a limited right to access counsel, as they have already exhausted their right to challenge removability and apply for relief or protection from

removal. *See Zadvydas*, 533 U.S. at 694. And Due Process affords no access to counsel specifically for aliens who are subject to a final order of expedited removal under 8 U.S.C. § 1225 and in the processing of being removed from the United States. *See Las Americas Immigrant Advoc. Ctr.*, 507 F. Supp. 3d at 39 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020)).

In short, it is not only that the Court must look to the discrete allegations, conditions of confinement, and legal status; rather, the Court must consider the interplay between these three elements of their respective claims to properly resolve each individual alien's claim. Because Plaintiffs' purportedly common questions do not have common answers, their proposed class does not meet the commonality requirement and class certification must be denied.

**D.    Plaintiffs Fail to Meet the Typicality and Adequacy Requirements.**

On top of failing the numerosity and commonality requirements, Plaintiffs fail to show that their proposed class meets the typicality requirement. This requirement ensures "that the class representatives have suffered injuries in the same general fashion as absent class members." *See Cohen v. Chilcott*, 522 F. Supp. 2d 105, 115 (D.D.C. 2007) (internal quotation omitted); *accord Wal-Mart Stores, Inc.*, 564 U.S. at 349 (recognizing this

requirement "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate."). While the claims do not need to be identical, *Cohen*, 522 F. Supp. 2d at 115, "at least one named plaintiff [must have] a claim relating to each challenged practice for which relief is [sought]." *Stewart v. Rubin*, 948 F. Supp. 1077, 1088 (D.D.C. 1996) *aff'd*, 124 F.3d 1309 (D.C. Cir. 1997). Again, the sole named Plaintiff is in removal proceedings with a pending asylum application whereas other class members might be subject to a final order of removal at the conclusion of removal proceedings or even an expedited removal order for being a criminal alien. The circumstances of these aliens will be anything but typical.

Moreover, there are several class allegations that differ from the sole named Plaintiff's. *See generally* Comp. at ¶ 28-37 (listing allegations ranging from denial of access to counsel, denial of phone calls outright or denial of private phone calls, being able to see lawyers but lawyers having trouble getting through crowds, to detainee transfer before accessing counsel). But the sole named Plaintiff only alleges that her attorney was denied access to her upon arriving at the Whipple Building. *Cohen*, 522 F. Supp. 2d at 115. Although there is no need for her claims to be identical to those of the class, she has not "suffered injuries in the same general fashion" as the rest of the

purported class of alien detainees she intends to represent. *Cohen*, 522 F. Supp. 2d at 115.

For similar reasons, Plaintiff also has not met the adequacy prong of Rule 23(a)(4). The adequacy requirement is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Class representatives must "possess the same interest and suffer the same injury" as the class members, otherwise, they are "simply not eligible to represent a class of persons who did allegedly suffer injury." *E. Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403-04, 97 S. Ct. 1891, 1896-97 (1977) (internal quotation marks and citation omitted). Here, as explained, *supra,* Plaintiff did not suffer the same alleged injuries as other members of the class.

**E.    Plaintiffs Fail to Show that the Class Qualifies under Rule 23(b)(2) and Includes Aliens Who Cannot Be Class Members.**

Finally, Plaintiffs also fail to satisfy Rule 23(b)(2)'s requirements. Under Rule 23(b)(2), final injunctive or declaratory relief must be appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2). The "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360 (citation omitted).  Here, Plaintiffs stumble out of

12

the gate. They allege that classwide treatment is appropriate under Rule 23(b)(2) because "Defendants have acted on generally applicable grounds by adopting practices that obstruct access to counsel, such as the blanket ban on allowing anybody held at Whipple to consult with an attorney." Mot. at p. 9. Yes, as set forth above, Plaintiffs own allegations do not establish any type of "blanket" policy or practice. *See generally* Comp. at ¶ 28-37 (listing allegations ranging from denial of access to counsel, denial of phone calls outright or denial of private phone calls, being able to see lawyers but lawyers having trouble getting through crowds, to detainee transfer before accessing counsel).

Moreover, because Plaintiffs allege Defendants' policies and practices violate their rights under the Due Process Clause of the Fifth Amendment, the Court should hesitate to resolve such claims via a Rule 23(b)(2) class action. *See*, *generally*, Comp. As the Supreme Court has cautioned, courts should consider "whether a Rule 23(b)(2) class action litigated on common facts is an appropriate way to resolve [Plaintiffs'] Due Process Claims. Due process is flexible . . . and it calls for such procedural protections as the particular situation demands." *Jennings v. Rodriguez*, 583 U.S. 281, 314 (2018) (quotes omitted). Because Plaintiffs' putative class, as defined, could include

dissimilarly situated individuals, the Court could not enter a single declaratory judgment to resolve class-wide Due Process claims.

Finally, Plaintiffs' proposed class includes aliens who cannot be class members. Congress has expressly precluded class certification where claims relate to expedited removal orders, and the Court thus cannot permissibly certify a class that includes such claims. The claims asserted by those aliens subject to expedited removal orders are limited by the jurisdictional provisions of 8 U.S.C. § 1252, which provide that there is no judicial review of any claims "arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)" or involving "the application of such section to individual aliens," except as provided under § 1252(e). *See Make the Rd. N.Y. v. McAleenan*, 405 F. Supp. 3d 1, 20 (D.D.C. 2019). And Section 1252(e)(1)(B) provides that "no court may . . . certify a class under Rule 23 of the Federal Rules of Civil Procedure in any action for which judicial review is authorized under . . . this subsection." 8 U.S.C. § 1252(e)(1)(B). The claims in the Complaint ultimately challenge access to legal counsel for aliens who may be subject to a post-expedited removal order. Accordingly, Section 1252(e)(1)(B)'s bar on class certification applies to the claims of any proposed class member who was processed for an expedited removal order under Section 1225(b).

14

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for class certification.


Dated: February 3, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY NICASTRO
Acting Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel
ANDREW C. ABRAMS
Trial Attorney

WILLIAM C. SILVIS
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 307-4693
william.silvis@usdoj.gov

Attorneys for Defendants

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ David W. Fuller*
By: DAVID W. FULLER
Assistant U.S. Attorney
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
Attorney ID 390922
david.fuller@usdoj.gov