## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS, *et al.* | Case No. 26-cv-00749 (NEB/DLM) |
| Plaintiffs, | |
| v. | **PLAINTIFFS' EMERGENCY MOTION TO CLARIFY SCOPE OF INSPECTION OF WHIPPLE BUILDING** |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

On February 6, 2026, the Court issued an order that "Defendants shall allow full access to all detention facilities in the Bishop Henry Whipple Federal Building [the "Whipple Building"] to Defendants' Counsel and Plaintiffs' counsel (and party representatives) before Monday, February 9, at 5 p.m. CST." (Order, ECF No. 81). The parties were provided until Tuesday, February 10, at 5 p.m. CST to supplement declarations filed with the Court. *Id.*

Plaintiffs made themselves available over the weekend, but at the request of Immigration and Customs Enforcement ("ICE"), the parties have agreed to an inspection on Monday, February 9, 2026 at 8:30 a.m. On Saturday, February 7, 2026, counsel for Defendants sent the following communication:

> ICE has asked us to convey the following ground rules: (i) no more than two attorneys for each side should attend the tour; (ii) names

of the those attending will need to be supplied in advance; (iii) no cellular phones or recording devices will be permitted in the facility; (iv) no photographs or recordings of the facility are permissible.

Additionally, during the tour, though counsel may come into close proximity with detainees, the expectation is that counsel will not engage with detainees.

(Declaration of Alethea M. Huyser ("Huyser Decl."), Ex. A). Plaintiffs objected to these unilaterally set conditions. Although the parties have conferred by email and phone, an impasse has been reached. Plaintiffs therefore seek emergency clarification from the Court prior to the planned inspection of the Whipple Building at 8:30 a.m. Monday morning.

Plaintiffs are mindful of appropriately tailoring the current inspection to the case's present posture, as well as potential security concerns.[1] Plaintiffs therefore agreed to certain limitations, including (i) limiting their attendees to four individuals: two attorneys and two party representatives; (ii) identifying Plaintiffs' attendees in advance of the inspection; (iii) agreeing that Defendants may assert any such images or recordings obtained by either Plaintiffs or Defendants while in any non-public, secure area of the Whipple Building are confidential, pursuant to the terms of a hereafter-entered protective order

---

[1] The undersigned counsel has formerly represented the Minnesota Department of Corrections and is experienced with conducting inspections within a secure facility.

consistent with the District's template order and would be filed under seal in the first instance. Nonetheless, Defendants continue to insist that "ICE will not allow photography etc." and that neither Plaintiffs' counsel nor party representatives will be allowed to "engage" with class members, maintaining that the "tour" will only include "basic factual issues, such as the locations of telephones, which we expect that counsel to the parties should be able to determine quickly after entering the facility. (Huyser Decl., Ex. A.)

Counsel for both parties and the Court would all benefit from more factual development than ICE's unilateral rules will allow. As the Court's Order indicates, a number of factual questions were raised during oral argument about the specific facilities, as well as the nature of operations, at the Whipple Building. Counsel for Defendants were unable to answer many of those questions. Among the questions raised in Plaintiffs' Motion for Temporary Restraining Order and by the Court were the following: (i) the existence and location of phones that may be used by detainees; (ii) the functionality of such phones; (iii) the privacy of areas in which such phones are located; (iv) efforts by ICE to facilitate confidential attorney-client phone calls; (v) and the existence of areas, including immigration court visitation rooms, to facilitate confidential attorney-client phone calls or in-person client meetings with attorneys.

To collect information relevant to the case, including the unanswered questions above, Plaintiffs request the ability to obtain basic, relevant information from federal agents and detainees in the Whipple Building. First-hand accounts of conditions in the Whipple Building are critical to understanding how the facility functions in practice, what obstacles or limitations may exist on the ability of detainees to have confidential attorney-client phone calls or in-person meetings, and to ensure that conditions viewed during the inspection are in fact representative of what was and is occurring in the everyday course. Plaintiffs believe this information will aid Defendants' counsel and Plaintiffs in trying to craft an agreement on attorney-client access during the pendency of this case, and aid the Court, if it should be required to decide whether to grant preliminary injunctive relief. Critically, counsel for Plaintiffs note that the detainees are putative class members, and ICE's attempt to bar Plaintiffs' ability to access and learn facts from these putative clients is emblematic of the issues at the heart of this case.

Plaintiffs also specifically request the ability to take reasonable images and recordings relevant to the case. Plaintiffs believe that, in the event the parties cannot reach an agreement on attorney-client access during the pendency of this case, objective images and recordings will help the Court ensure it has the best information about the Whipple Building conditions at issue. "Photographs can make the presentation of evidence on physical

distances and locations much clearer and more concise than verbal testimony alone and can easily resolve factual disputes regarding these matters." *Weizel v. Bernstein*, 233 F.R.D. 185 (D.D.C. 2005) (internal citations omitted). Plaintiffs therefore respectfully request that the Court order their attendees to carry their cell phones and cameras—both to capture images and recordings, and to allow the parties to reach the Court immediately should disputes regarding the scope of Court-ordered access arise during the inspection.[2]

The clarifying Order that Plaintiffs seek is within the Court's authority, both under its inherent authority and pursuant to Federal Rules of Civil Procedure 26 and 34. The Court has "[c]ertain implied powers . . . that are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (quotation omitted). These powers are those "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditions disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). As discussed above, and as this Court has already concluded, "full access" to the Whipple Building is necessary for counsel, and therefore the Court, to have the

---

[2] It is Plaintiffs' understanding, based on detainee accounts, that ICE officials are permitted to have cell phones in the detention area, so Plaintiffs do not believe there is a standing policy against such technology in the Whipple Building.

information necessary for this matter to proceed in an orderly and expeditious fashion.

Plaintiffs' specific requested conditions are also consistent with established practice in the context of discovery. Rule 34(a)(2) discovery provides the closest analogue to the access the Court has ordered here. On its face, the Rule, which concerns entry on property, permits the visiting or inspecting party to "photograph" the property they are visiting. And courts permit parties to speak with individuals during Rule 34 visits as a component of the "inspection" of the "operation" on the property. *See, e.g.*, *Coleman v. Schwarzenegger*, Nos. CIV S-90-0520 LKK JFM P, C01-1351 THE, 2007 WL 3231706 at *2 (N.D.Cal. Oct. 30, 2007). Courts have permitted those interviews to include both staff at detention or carceral facilities and individuals who are detained or incarcerated. *See, e.g.*, *id.*; *Tellis v. LeBlanc*, CIVIL ACTION NO. 18-cv-0541, 2019 WL 489140 (W.D. La., Feb. 7, 2019).

Counsel for Defendants has asked Plaintiffs to relay to the Court the substance of their position in response. In short, Defendants view the Court's order as narrower in scope than do Plaintiffs: essentially believing it to be limited to identifying the location and functionality of telephones available for detainee use at the Whipple Building. Defendants propose that any further collection of information or images should occur at a future date, would require

6

additional logistics to coordinate, and are beyond the scope of the Court's Friday Order.

<b>CONCLUSION</b>

Plaintiffs respectfully request an Order clarifying that at the inspection of the Whipple Building on Monday, February 9, 2026 at 8:30 a.m.: (1) Plaintiffs may have two attorneys and two party representatives attend; (2) both Plaintiffs and Defendants may interact with detainees in the Whipple Building on topics relevant to this case; (3) both Plaintiffs and Defendants may carry cellular phones and cameras and use them to obtain images or recordings relevant to this case, and, if needed, to contact the Court; and (4) Defendants may assert any such images or recordings obtained by either Plaintiffs or Defendants while in any non-public, secure area of the Whipple Building are confidential, pursuant to the terms of a hereafter-entered protective order consistent with the District's template order.

[Signature Page Follows.]

Dated: February 8, 2026

*s/ Alethea M. Huyser*
Alethea M. Huyser (#0389270)
Rachel L. Dougherty (#0399947)
Devin T. Driscoll (#0399948)
Sarah Theisen (#0402844)
Margaret G. Severson (#0504388)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
P: (612) 492-7000
ahuyser@fredlaw.com
rdougherty@fredlaw.com
ddriscoll@fredlaw.com
stheisen@fredlaw.com
mseverson@fredlaw.com

Jeffrey B. Dubner*
Aman T. George*
Mark B. Samburg*
Elena Goldstein*
**DEMOCRACY FORWARD**
**FOUNDATION**
P.O. Box 34553
Washington, DC 20043
P: (202) 448-9090
jdubner@c.democracyforward.org
ageorge@democracyforward.org
msamburg@democracyforward.org
egoldstein@democracyforward.org

*admitted pro hac vice

*Counsel for Plaintiffs*