UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

The Advocates for Human Rights et al.,

Plaintiffs,

v.

U.S. Dep't of Homeland Security et al.,

Defendants.

Court File No. 26-cv-749 (NEB/DLM)

**PLAINTIFFS' MOTION FOR
EXPEDITED DISCOVERY AND
SUPPORTING MEMORANDUM**

---

Plaintiffs The Advocates for Human Rights and L.H.M. ("Plaintiffs") hereby move the Court for an Order allowing limited expedited discovery against Defendants in advance of a preliminary injunction hearing currently set, tentatively, by the Court for February 26, 2026.

## INTRODUCTION

On January 27, 2026, Plaintiffs filed a class-action complaint alleging that Defendants had deprived thousands of detainees in Minnesota of meaningful access to counsel, in violation of their First and Fifth Amendment rights under the United States Constitution and statutory rights under the Immigration and Naturalization Act.

On February 12, 2026, the Court granted in part Plaintiffs' motion for a temporary restraining order, finding that Plaintiffs had shown a substantial likelihood of success on the merits, and ordering Defendants to take certain steps to ensure detainees could vindicate their right to meaningful access to counsel. *See* Order, ECF No. 95. The Court stated that the injunction would remain in effect for two weeks. *Id.* at 40. The Court also set a status

conference for February 24, 2026 to discuss compliance with its Order and the need to extend the injunction. *Id.* The Court also stated that it would hold February 26, 2026 for a potential evidentiary hearing on the issue of a preliminary injunction. *Id.* at 40-41.

Plaintiffs seek narrow and carefully tailored discovery directly tied to the substance of their constitutional and statutory claims, including specifically discovery on the identity of putative class members, evidence of Defendants' phone-access and/or written attorney-communications practices before and after the Court's February 12, 2026 Order, and information on Defendants' facility capabilities and limitations and other stated reasons for not providing attorney access. *See* Exhibit 1 (Pls.' Reqs. for Prod. & Pls.' Interrogatories). The requested discovery is supported by good cause, limited in scope, and appropriate in light of the rapidly changing landscape and significant past and potential ongoing harms to Plaintiffs and putative class members.

**ARGUMENT**

District courts have broad discretion over discovery issues arising before them and the Federal Rules of Civil Procedure also authorize courts to adjust the discovery timeline and to order expedited discovery. Fed. R. Civ. P. 26(d)(1) expressly provides that a party may obtain discovery before a Rule 26(f) scheduling conference "when authorized . . . by court order." Federal Rules of Civil Procedure 30(a), 33(b), 34(b) and 36 also permit courts to adjust the timing requirements imposed by Rule 26(d) and to expedite the time for responding to discovery requests.

The Court has previously recognized that the good-cause standard applies when considering a motion for expedited discovery. *Council on Am.-Islamic Relations-Minn. v.*

2

*Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380 (D. Minn. 2020) ("*CAIR Minn.*").[1] Under the good-cause standard, the party seeking expedited discovery must show that the need for expediting, "in consideration of administration of justice, outweighs prejudice to the responding party." *Id.* (quoting *Meritain Health Inc. v. Express Scripts, Inc.*, No. 4:12-cv-266 CEJ, 2012 WL 1320147, at *1 (E.D. Mo. Apr. 17, 2012)) Common factors that courts consider include: (1) the existence of a motion for preliminary injunction; (2) the breadth of the request for discovery; (3) the purpose for the request; (4) the burden of compliance; and (5) how far in advance of the usual discovery process the party made the request. *Id.* (citing *Meritian Health*, 2012 WL 1320147, at *2.)

Here, Plaintiffs seek expedited discovery for purposes of preparing for an evidentiary hearing on the actual conditions of attorney access at the Whipple Building and in Minnesota during the relevant time period, including both before and after the issuance of this Court's February 12, 2026 Order. This information is necessary both to evaluate Defendants' compliance with the Order and to assess the difference in conditions of attorney access as a result of the injunctive relief granted by the Court.

In short, Plaintiffs seek the discovery for a proper purpose and "[e]xpedited discovery is generally appropriate in cases, such as this, where a party is attempting to

---

[1] As the Court explained, "[i]n considering a motion for expedited discovery, courts apply one of two standards: either a 'good cause' standard, or one similar to that of a preliminary injunction. Although the Eighth Circuit has not adopted either formulation, courts within it usually apply the 'good cause' standard." *CAIR Minn.*, 497 F. Supp. 3d at 380 (cleaned up).

prepare for a preliminary injunction hearing." *Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453, 456 (D.S.D. 2014) (citing *Meritain Health*, 2012 WL 1320147, at *2); *Edudata Corp. v. Sci. Computs., Inc.,* 599 F. Supp. 1084, 1088 (D. Minn. 1984) (ordering expedited discovery where it would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing); *Ellsworth Assocs., Inc. v. United States,* 917 F. Supp. 841, 844 (D.D.C.1996) ("[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.")); *see also, e.g., Admiin Inc. v. Kohan,* No. 23-cv-04430, 2023 WL 4625897, at *3, 13 (N.D. Ill. July 19, 2023) (finding expedited discovery appropriate where preliminary injunction motion pending and hearing scheduled).

Indeed, courts considering motions for preliminary injunctions in cases challenging conditions at immigration detention facilities have likewise recognized the appropriateness of granting expedited discovery. *See* Order Granting in Part and Denying in Part Pl.'s Mot. For Limited Expedited Discovery, *C.M. v. Noem*, No. 1:25-cv-23182-RAR, ECF No. 41 at 4-5 (S.D. Fla. Aug. 4, 2025) (granting expedited discovery in part because requests were "directly relevant to the Court's ability to formulate an effective, appropriate order on" a preliminary injunction motion in suit challenging conditions at immigration detention facility); *Ache v. Witte*, No. 6:20-cv-01320, 2020 WL7393895, at *2 (W.D. La. Dec. 16, 2020) (granting expedited discovery for ICE detainee habeas petitioners alleging Defendants failed to comply with CDC guidelines).

Second, the scope of discovery sought by Plaintiffs is narrowly tailored, especially in light of Defendants' exclusive access to the requested information. In a materially similar case, a district court in Arizona granted a motion for expedited discovery to a putative class of plaintiffs challenging the conditions of confinement in a Department of Homeland Security facility. There, as here, "because [Defendants] bar[] access to the[] facilities" and information about detainees, Plaintiffs' counsel could not obtain adequate access to the facts and information relevant to their claims. Pls.' Mot. For Expedited Discovery, *Doe v. Johnson*, No. 4:15-cv-00250-TUCDCB, ECF No. 25 at 6 (D. Ariz. June 23, 2015). Because that case involved broader allegations related to the conditions of the confinement, the plaintiffs in *Doe* sought access and permission to photograph Department of Homeland Security facilities and the review of certain targeted documents including documents showing detention practices, policies and operational procedures, cell occupancy logs, detainee call logs, incident reports, and surveillance video footage. *Id.* at 1, 6-7. The court granted plaintiffs' motion, finding "good cause for the expedited discovery because it is needed by Plaintiffs to prepare and file a Motion for Preliminary Injunction" and thus "the administration of justice outweigh[ed] the prejudice to the Defendants given the narrow limits of the discovery." *Doe v. Johnson*, No. 4:15-cv-250-TUC-DCB, 2015 WL 5086291, at *1 (D. Ariz. Aug. 14, 2015).

Plaintiffs here face the same obstacles and injuries as those in *Doe*. Given the opacity of Defendants' operations and their exclusive control of the relevant information, expedited discovery to understand the true nature and operation of the Whipple Building

and facilities elsewhere in Minnesota is critical to developing the factual record necessary to pursue Plaintiffs' case at the preliminary injunction stage.

The core of this case is about the obstacles erected by Defendants between detainees and meaningful contact with their attorneys, in violation of the First and Fifth Amendments and the Immigration and Nationality Act. These obstacles include preventing counsel from in person client meetings at the Whipple Building; preventing detainees from having confidential, free calls with their counsel while detained at the Whipple Building; and transferring detainees out of Minnesota before they can speak to and/or retain counsel. The Court recognized these obstacles and—based on Plaintiffs' "nineteen detailed declarations with specific accounts of their experiences," the specific accounts of which "Defendants d[id] not dispute"—ordered that Defendants take steps to restore meaningful access to counsel to detainees. Order at 5, 36-41, ECF No. 95.

Plaintiffs' requested expedited discovery is specifically tailored to these issues. In particular, Plaintiffs seek information about (1) where Defendants are detaining persons in Minnesota, and thus where those detainees need to be able to have meaningful contact with their attorneys; (2) who they are detaining and whether those persons have been allowed to make phone calls to, or see, their attorneys; (3) the capacity of the facilities Defendants are using to hold detainees, and thus Defendants' ability to retain detainees in Minnesota, where their lawyers are; (4) Defendants' personnel capacity in Minnesota and thus, their ability to facilitate attorney calls and visits; (5) where Defendants are transferring detainees after their initial detention at the Whipple Building or elsewhere in Minnesota; (6) attorney visits at the Whipple Building; (7) Defendants' compliance with release orders; and (8)

detainees' ability to access legal service providers while held at the Whipple Building. Responses to Plaintiffs' narrowly tailored expedited discovery will, therefore, give the Court a more fulsome record on which to evaluate Plaintiffs' claims and make decisions regarding continuing or adjusting the Court's injunction.

Finally, compliance with expedited discovery will not unduly burden Defendants. Defendants are all federal government agencies or officers and are represented by the Office of Immigration Litigation at the United States Department of Justice and the United States Attorney's Office for the District of Minnesota. The information requested is in Defendants' exclusive control and is narrowly tailored to issues that will be critical to an evidentiary hearing on injunctive relief.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order allowing Plaintiffs' expedited discovery requests in advance of the potential February 26, 2026 evidentiary hearing. Plaintiffs additionally respectfully request that Defendants be ordered to respond to Plaintiffs' requests by 12:00 p.m. ET on Friday, February 20, 2026.

[Signature Page Follows.]

---

[2] Although Defendants may argue that responding to Plaintiffs' requests would be time consuming in some respect, that is not synonymous with being overly burdensome. *Oglala Sioux Tribe*, 298 F.R.D. at 458 ("The court finds that while the request may be time consuming, it is not overly burdensome.")

Dated: February 13, 2026

Respectfully submitted,

*s/ Alethea M. Huyser*
Alethea M. Huyser (#0389270)
Rachel L. Dougherty (#0399947)
Devin T. Driscoll (#0399948)
Sarah Theisen (#0402844)
Margaret G. Severson (#0504388)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
P: (612) 492-7000
ahuyser@fredlaw.com
rdougherty@fredlaw.com
ddriscoll@fredlaw.com
stheisen@fredlaw.com
mseverson@fredlaw.com

Jeffrey B. Dubner*
Aman T. George*
Mark B. Samburg*
Elena Goldstein*
**DEMOCRACY FORWARD**
**FOUNDATION**
P.O. Box 34553
Washington, DC 20043
P: (202) 448-9090
jdubner@c.democracyforward.org
ageorge@democracyforward.org
msamburg@democracyforward.org
egoldstein@democracyforward.org

* admitted pro hac vice

*Counsel for Plaintiffs*