# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| The Advocates for Human Rights et al., | Court File No. 26-cv-749 (NEB/DLM) |
| Plaintiffs, | |
| v. | **EXPEDITED DISCOVERY REQUESTS TO DEFENDANTS** |
| U.S. Dep't of Homeland Security et al., | |
| Defendants. | |

---

TO:    Defendants U.S. Department of Homeland Security; Kristi Noem, *in her official capacity as Secretary of Homeland Security*; U.S. Immigration and Customs Enforcement; Todd Lyons, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; Marcos Charles, *in his official capacity as the Acting Executive Director for Immigration and Customs Enforcement's Enforcement and Removal Operations*; David Easterwood, *in his official capacity as Acting Field Office Director for Immigration and Customs Enforcement's Enforcement and Removal Operations St. Paul Field Office*; U.S. Federal Protective Service; and Faron K. Paramore, *in his official capacity as Director of the Federal Protective Service*.

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendants furnish answers to the following Interrogatories and responses to the following Requests for Production of Documents (together, the "Requests") by Friday, February 20, 2026 at 12:00 p.m. ET and afterward supplement each response as may become necessary as required by Rule 26(e) and as set forth in individual requests.

## **DEFINITIONS**

1.    "Defendants" means Defendants in the above-captioned action.

2.    "Plaintiffs" means Plaintiffs and the putative class in the above-captioned action.

3.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information that may otherwise be construed to be outside their scope.  The term "each" includes "every," and vice versa. The terms "a," "an," and "any" include "all," and "all" includes "a," "an," and "any."  The singular usage of a noun, pronoun, or verb shall be considered to include within its meaning the plural form of the noun, pronoun, or verb so used, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so used, and vice versa.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

4.      "Document(s)" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any written, printed, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, handwritten, printed, kept as electronically stored information, or other form, either in your possession or custody or under your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings or recordings, whether used or not, regardless of whether the Document still exists, and regardless of who has maintained custody of such Documents.

5.      "Communication(s)" means all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any persons, including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings,

2

meetings, letters, emails, social media posts, text messages, voice messages, voicemails, messages sent on phone applications including but not limited to Signal, Whatsapp, Telegram, faxes, notations, telegrams, advertisements, interviews, conferences, presentations, and all other Documents.

6.     "Including" means including without limitation.

7.     "Request" means the Interrogatories and Requests for Production of Documents contained herein.

8.     "DHS" means the U.S. Department of Homeland Security.

9.     "Whipple" means Defendants' facility located at 1 Federal Drive, Fort Snelling, Minnesota 55111.

10.    "Detainee" or "Detainees" means all individuals held at Whipple under the authority of Defendants.

## INSTRUCTIONS

1.     In addition to the specific instructions listed below, these Requests incorporate by reference the instructions set forth in Federal Rule of Civil Procedure 34(b)(2).

2.     These Requests shall be deemed continuing and require supplemental responses to the extent Defendants obtain further relevant information after Defendants' initial response.

3.     Each Request solicits all information available to Defendants or obtainable from Defendants, Defendants' employees, agents, or representatives, including Defendants' attorneys, past and present.

4.      If any Request herein cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

5.      If any Interrogatory is not answered or any document withheld because of a claim of privilege (including the work-product doctrine), Defendants shall identify the factual and legal bases for the assertion of such privilege with particularity.

6.      Each Request herein should be construed independently. No Request shall be read as limiting any other Request.

7.      In each instance where Defendants deny knowledge or information sufficient to answer any Interrogatory or any party thereof, state the name and address of each person, if any, known or believed to have such knowledge.

8.      To the extent any Request is objected to in whole or in part, state with specificity all grounds for objection, and respond to those parts of the Request as to which no objection is made.

9.      If, in responding to any Request, any ambiguities in the Request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

10.      Each Document is to be produced (along with all drafts thereof) in its entirety, without abbreviation, expurgation, elimination, or scrubbing of metadata, or redaction of relevant, non-privileged information.  In the event that a copy of a Document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, it shall be produced separately.

4

11.     Produced Documents and things should be numbered sequentially with "Bates numbering."

12.     If any Documents are no longer in your possession, custody, or control, or otherwise are not available or accessible to the full extent requested, state whether the Documents were lost, destroyed, or otherwise disposed of and describe the date and circumstances of such disposition.

13.     If no Documents or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

## EXPEDITED INTERROGATORIES

1.     Identify all locations within the Area of Responsibility of the St. Paul Field Office at which DHS has detained one or more persons overnight since December 1, 2025, including, without limitation, all jails or prisons, federal property, and hotels.

2.     For any persons who are minors under the age of 18 who DHS has detained and who were kept overnight in Minnesota since December 1, 2025, state the person's name, A-number, country of origin, date of birth, as well as (a) the date(s) and time(s) of their detention, (b) all locations at which Defendants detained them, (c) whether they were detained with any family member or relative and the name, A-number, and date of birth of any family member or relative with them, (d) any phone calls which they were allowed to make, and (e) their current location and/or the date, time, and location of their release.

3.     For each person who is a minor under the age of 18 who was identified in Interrogatory No. 2 and who was housed in a hotel or other non-secure facility, describe the conditions of the non-secure facility, including whether and what access the detainee

had to telephones and or meetings with family or lawyers (including whether that access was private), the sleeping arrangements, and the number of DHS employees or contractors housed in the same room or location.

4.    Identify all logs, databases, or other systems of records in which any of the following information is recorded or maintained:

    a.  The location, date and time of arrest, and date and time of entry at or departure from any holding or detention facility of any Class member.

    b.  Phone calls placed from hold rooms at Whipple, including the time, cost, and length of calls and the number called

    c.  The available capacity (whether set by contract or fluctuating on a daily basis) for any facility identified in Interrogatory No. 1 to house DHS detainees, and the number of detainees actually housed by DHS at that facility on a daily basis.

**<u>EXPEDITED REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

1.    Documents sufficient to show the name, A-number, country of origin, and date of birth of every person  detained at Whipple since January 6, 2026, as well as (a) the date(s) and time(s) of their entry at Whipple, (b) the date(s) and time(s) of their departure from Whipple, (c) where they were taken or released upon leaving Whipple, and (d) their current location and/or the date, time, and location of their release.

2.    Documents sufficient to show the name, A-number, country of origin, and date of birth of every person detained by Defendants in Minnesota since January 6, 2026 who was not brought to Whipple, as well as (a) the date(s) and time(s) of their detention,

(b) all locations at which Defendants detained them, and (c) their current location and/or the date, time, and location of their release. Any person who was detained by Defendants and released at the same location without being transported elsewhere is excluded from this request.

3. Documents sufficient to show all calls placed from a telephone in any hold room at Whipple since December 1, 2025, including (a) the A-number of the person placing the call, (b) the date and time of the call, (c) the number called, (d) the length of the call, and (e) the cost of the call.

4. Documents sufficient to show the daily number of beds (a) available for use by DHS and (b) used by DHS at any facility within the Area of Responsibility of the St. Paul Field Office at which DHS has detained any persons since January 1, 2025.

5. Any and all communications with any local, county or state facility in the Area of Responsibility of the St. Paul Field Office discussing the daily number of beds available for use by DHS since December 1, 2025.

6. The number of DHS employees and contractors staffed at Whipple for each day since December 1, 2025.

7. The number of DHS employees and contractors working in, on assignment in or stationed in Minnesota for each day since December 1, 2025.

8. Any and all documents containing communications sent by Minnesota attorneys to DHS and requesting telephone or in-person access to detainees initially detained at Whipple since December 1, 2025.

9.    Any and all documents containing communications sent by Minnesota attorneys to DHS notifying DHS of court cases or court orders requiring the release of detainees initially detained at Whipple since December 1, 2025.

10.    Any and all documents containing responses from DHS to the communications identified in response to Document Request No. 8 and 9.

11.    The list of pro bono legal service provider phone numbers placed in holding cells and the intake/processing station at Whipple.

12.    Any documents that reflect or catalog the usage of the ERO Visitation Rooms for meetings at the Whipple Building since January 1, 2025.

13.    Documents sufficient to show each instance of individuals detained at Whipple being transported outside of Minnesota, including the date and time of travel and the destination.

14.    Any records, databases, or other documents that reflect or catalog attorney visits at Whipple since December 1, 2025, including attorney name and time and date of visit.

Dated: February 13, 2026

s/ Alethea M. Huyser

Alethea M. Huyser (#0389270)
Rachel L. Dougherty (#0399947)
Devin T. Driscoll (#0399948)
Sarah Theisen (#0402844)
Margaret G. Severson (#0504388)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
P: (612) 492-7000
ahuyser@fredlaw.com
rdougherty@fredlaw.com
ddriscoll@fredlaw.com
stheisen@fredlaw.com
mseverson@fredlaw.com

Jeffrey B. Dubner*
Aman T. George*
Mark B. Samburg*
Elena Goldstein*
**DEMOCRACY FORWARD
FOUNDATION**
P.O. Box 34553
Washington, DC 20043
P: (202) 448-9090
jdubner@c.democracyforward.org
ageorge@democracyforward.org
msamburg@democracyforward.org
egoldstein@democracyforward.org

* admitted pro hac vice

*Counsel for Plaintiffs*

9

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Plaintiffs' Expedited Discovery Requests has been served on the following counsel of record, this 13th day of February, 2026 as indicated below:


Christina Parascandola
William Silvis
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878
Washington, DC 20044
(202) 514-3097
christina.parascandola@usdoj.gov
william.silvis@usdoj.gov

David W. Fuller
United States Attorney's Office
300 S 4th St Ste 600
Minneapolis, MN 55415
(612) 664-5627
david.fuller@usdoj.gov

***Attorneys for Defendants***


Dated: February 13, 2026          *s/ Alethea M. Huyser*
                                   Alethea M. Huyser (#0389270)
                                   **FREDRIKSON & BYRON, P.A.**

10