UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS and L.H.M., through her next friend C.A., | Case No. 26-CV-749 (NEB/DLM) |
| Plaintiffs, | |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as the Acting Executive Director for Immigration and Customs Enforcement's Enforcement and Removal Operations; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director for Immigration and Customs Enforcement's Enforcement and Removal Operations St. Paul Field Office; U.S. FEDERAL PROTECTIVE SERVICE; and FARON K. PARAMORE, in his official capacity as Director of the Federal Protective Service, | ORDER |
| Defendants. | |

Plaintiffs assert that Defendants have violated immigration detainees' right to access counsel. On Thursday, February 12, 2026, the Court issued a Temporary

Restraining Order, concluding that Plaintiffs had shown a substantial likelihood of success on the merits on its Fifth Amendment claim. (ECF No. 95.) Plaintiffs move for expedited discovery. (ECF No. 96.) The Court grants the motion, extends the TRO, and sets briefing deadlines and a hearing for Plaintiffs' Motion for Preliminary Injunction.

## ANALYSIS

### I.   Motion for Expedited Discovery

The Court may grant a motion for expedited discovery upon a showing of good cause. *Council on Am.-Islamic Relations-Minn. v. Atlas Aegis, LLC* (*CAIR*), 497 F. Supp. 3d 371, 380 (D. Minn. 2020). Plaintiffs must establish that the need for expedited discovery outweighs any prejudice to Defendants. *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021). In examining whether Plaintiffs have made this showing, the Court weighs several factors, including "(1) whether a preliminary injunction is pending; (2) the breadth of discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (citation omitted); *CAIR*, 497 F. Supp. 3d at 380.

Based on these factors, Plaintiffs have shown good cause. Plaintiffs seek expedited discovery to prepare for a preliminary injunction hearing. *See Edudata Corp. v. Sci. Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (finding development of the

2

record necessary after granting TRO and explaining that "[f]urther development of the record before the preliminary injunction hearing will better enable the court to judge the parties' interests and respective chances for success on the merits"), *aff'd in part, appeal dismissed in part*, 746 F.2d 429 (8th Cir. 1984); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings. Thus, courts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action." (citations omitted)). At that hearing, the Court will accept evidence to help the Court adjudge Plaintiffs' likelihood of success on the merits and Defendants' compliance with the TRO. Expedited discovery is warranted.

Still, the Court agrees with Defendants that some of the requests are too broad for the purpose of preparing for the preliminary injunction hearing. The Court denies, for preliminary injunction purposes only, Document Requests 4 and 5.

Outside of these limitations, Plaintiffs' evidentiary requests are otherwise specific and targeted toward preparing for the preliminary injunction hearing. Plaintiffs request evidence related to attorney access in Minnesota, where Defendants are detaining people, who they are detaining, whether detainees have been allowed phone calls or attorney visits, and where Defendants are transferring detainees. The Court grants the motion;

3

discovery responses are due Wednesday, February 25, 2026, at 12 p.m.[1] to allow for inclusion in the preliminary injunction briefing.

## II.   Briefing the Motion for Preliminary Injunction; Extending the TRO

The following briefing schedule is set for the preliminary injunction motion:

- Plaintiffs' brief is due on Friday, February 27, 2026, at 12 p.m.
- Defendants' brief is due on Tuesday, March 3, 2026, at 12 p.m.
- Plaintiffs' reply is due Wednesday, March 4, 2026, at 3 p.m.
- The Court will hold a hearing on Thursday, March 5, 2026, at 12 p.m.

The TRO expires on Thursday, February 26, 2026.[2] The Court may extend a TRO "for good cause" for an additional 14 days. Fed. R. Civ. P. 65(b)(2). The Court finds good cause to extend the TRO. The Court has authorized expedited discovery for the preliminary injunction hearing, and the parties need time to respond to discovery requests and brief the preliminary injunction. Fourteen additional days will allow the parties and the Court to prepare for the hearing. *Dakotans for Health v. Anderson*, 675 F. Supp. 3d 919, 933 (D.S.D. 2023) ("Good cause exists here because this Court simply needs some additional time to think through the legal issues, to view the premises at issue

---

[1] All times are in Central Time.

[2] The TRO contains a scrivener's error. It says that the TRO will remain in effect until Friday, February 26, but February 26 is a Thursday. (ECF No. 95 at 40.)

unless a party objects, and to write the decision on whether to grant a preliminary injunction.").

The Court also incorporates by reference the analysis in the TRO—the parties have not informed the Court of any material change since the Court issued that order. *See* 11A Wright & Miller's Federal Practice & Procedure § 2953 (3d. ed. 2025) ("Although there does not seem to be any case law on what constitutes 'good cause' for purposes of extending a Rule 65(b) order, a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient."). The Court extends the TRO to Thursday, March 12, 2026.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for expedited discovery (ECF No. 96) is GRANTED as set forth above;

2. Defendants must provide their objections, responses, and produce responsive documents to Plaintiffs not later than Wednesday, February 25, 2026, at 12 p.m.;

3. The briefing order on the preliminary injunction is as follows: Plaintiffs' brief is due on Friday, February 27, 2026, at 12 p.m.; Defendants' brief is due

on Tuesday, March 3, 2026, at 12 p.m.; and Plaintiffs' reply is due Wednesday, March 4, 2026, at 3 p.m.;

4. The Court will hold a hearing on the preliminary injunction on Thursday, March 5, 2026, at 12 p.m.; and

5. The TRO is extended to Thursday, March 12, 2026.

Dated: February 22, 2026  
Time: 7:10 p.m.

BY THE COURT:

s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge