UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS, *et al.* | Case No. 0:26-cv-00749 (NEB/DLM) |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION AND ENFORCE A COURT ORDER** |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | |

Defendants were ordered by this Court to provide discovery responses and objections and to produce documents by February 25, 2026, at 12:00 p.m. ECF 101 (the "Order"). Defendants failed to provide any discovery responses, objections or documents within the time set by the Court. By the end of business, Defendants provided its ostensible production—its discovery responses and six documents. As set forth below, Defendants responses reveal that they have refused to answer numerous requests at all, and that they have unilaterally extended their production timeline for others to March 2, 2026— three days *after* Plaintiffs' brief is due.

The parties are before the Court on an expedited preliminary injunction posture. As such, Plaintiffs move this Court for an emergency on-the-record status conference and/or Order to Show Cause at the Court's first convenience,

1

as well as an award of expedited relief finding Defendants are in violation of the Court Order, compelling the immediate production of responses and documents, and adjusting the briefing schedule as appropriate.

## BACKGROUND

### I. The Order

On January 28, 2026, Plaintiffs filed a Motion for Temporary Restraining Order. On January 29, 2026, the Court converted Plaintiff's Motion for a Temporary Restraining Order to a Motion for Preliminary Injunction and provided Defendants an opportunity to respond by February 3, 2026 at 12:00 p.m. (ECF No. 39). When Defendants requested an extension to 6:00 p.m. that same day, Plaintiffs and the Court agreed. (ECF Nos. 65, 66).

On February 6, 2026, the Court held a hearing on the Motion and informed the parties a decision would be reached no later than 5:00 p.m. on February 12, 2026. The Court also allowed the parties to simultaneously submit supplemental factual information by 5:00 p.m. on February 10, 2026. (ECF Nos. 80, 81). On February 10, 2026, Plaintiffs submitted supplemental declarations. (ECF Nos. 89-90). Defendants did not comply with the Court's deadline or seek relief. Instead, two days later, on February 12, 2026, just hours before the time scheduled by the Court to issue its ruling, Defendants filed a Motion to Leave to Submit Declaration Out of Time. (ECF No. 92). The

2

Court found that Defendants had not demonstrated "excusable neglect" for their delayed filing. (ECF No. 95 at 4).

On February 12, 2026, the Court issued a Temporary Restraining Order and set a hearing on Preliminary Injunction for February 26, 2026. (ECF No. 95). The Court indicated the hearing could be an evidentiary hearing. (*Id.*)

On February 13, 2026, Plaintiffs filed a Motion for Expedited Discovery setting forth limited discovery requests seeking information relevant to the claims and defenses and their preliminary injunction motion. (ECF No. 96).

Plaintiffs undertook efforts to meet and confer with Defendants about discovery throughout the week. Eventually, meet and confers occurred on Thursday, February 19 and Friday, February 20, 2026. During both meet and confers, Defendants indicated that they would be able to provide responses to Plaintiffs' interrogatories and several of the requests for production on Friday, February 20. Plaintiffs offered to discuss specific requests, but Defendants did not raise any issues.

Shortly before midnight on February 20, 2026, Defendants filed an Opposition to the Motion for Expedited Discovery. (ECF No. 100). Although Defendants opposed the Motion, counsel also indicated that Defendants had stated they could respond to the discovery according to the following timeline:

> Defendants have informed undersigned counsel that they could respond to Plaintiffs' Expedited Interrogatories numbered 1 through 4 and Plaintiffs' Expedited Requests for the Production of

3

> Documents numbered 4, 5, 6, 7, 11, 12, 13, and 14, ECF No. 96-1 at 6-9, today. Defendants inform undersigned counsel that they require an additional week to respond to Plaintiffs' Expedited Requests for the Production of Documents numbered 1, 2, 3, 8, 9, and 10, given that these requests require the review and production of records related to statistical reports and electronically stored information ("ESI").

(ECF No. 100, at 4-5).[1] Despite Defendants' statement to the Court that they could respond to many of Plaintiffs' requests that same day, Defendants failed to respond to any of the discovery requests they said they were prepared to respond to on February 20, nor did they advise Plaintiffs of any changes to their schedule. Counsel for Plaintiffs sent an email to counsel for Defendants on Saturday, February 21, 2026, to inquire about the missing production; Defendants did not respond. (Ex. A).

On Sunday, February 22, 2026, this Court ordered Defendants to "provide their objections, responses, and produce responsive documents" to Plaintiffs' Interrogatories and to Plaintiffs' Requests for Document Nos. 1-3 and 6-14 by Wednesday, February 25, 2026 at 12:00 p.m. (ECF Doc. 101). The Court held that two of Plaintiffs' document requests, Nos. 4-5, were "too broad for the purpose of preparing for the preliminary injunction hearing," but also held that all other requests were "specific and targeted toward preparing for

---

[1] Defendants also represented to the Court they had produced to Plaintiffs a list of pro bono legal service provider phone numbers. (*Id.* at 6.) Plaintiffs are not aware of any such production.

4

the preliminary injunction hearing." (*Id.* at 3). Based on the deadline of noon on Wednesday, the Court set Plaintiffs' deadline to submit a brief incorporating Defendants' productions for Friday February 27, 2026 at 12:00 p.m.

**II. Correspondence Leading Up to Defendants' Non-Compliance**

Shortly after noon on Monday, February 23, 2026, Plaintiffs followed up on their Saturday email to ask about the production that Defendants had stated could be ready the previous Friday, and to reiterate that Plaintiffs were "happy to discuss any of the requests if [Defendants] have questions about what [Plaintiffs are] seeking or want to discuss the most efficient way to satisfy the requests." (Ex. B (text in black)).

On Tuesday, February 24, 2026 at 9:18 p.m., the night before the discovery deadline, counsel for Defendants sent an email regarding Defendants' discovery obligations. (Ex. B (text in blue)). First, counsel for Defendants requested, for the first time, a protective order governing its disclosure of documents. (*Id.*). Second, counsel represented that Defendants would not meet their discovery obligations:

> We anticipate that Defendants will be able to respond to Plaintiffs' Expedited Interrogatories and Expedited Requests for Production Numbers 11-14 by noon. ICE asks that it have until 5pm CT tomorrow to produce responses to Numbers 6 and 7. As for the rest of Plaintiffs' expedited discovery requests, ICE informs us of the following. ICE is unlikely to be able to produce the remainder of the documents requested by tomorrow's deadline. ICE has been working diligently to gather responsive documents to Plaintiffs'

5

> Expedited Requests for Production, but the documents must be retrieved by several divisions, then they must be reviewed for privilege before they may be released. ICE states that it will make its best effort to produce the documents as soon as possible and before the PI hearing set for March 5, 2026 at noon CST.

(Ex. A).

Plaintiffs responded at 10:41 a.m. the following morning. (Ex. B). In an attempt to maintain and respect the Court's schedule, Plaintiffs agreed to the Protective Order and consented to Defendants' motion to enter the order. (*Id.*). Second, Plaintiffs offered to meet and confer immediately and "to discuss the scope of the requests and work through any specific issues," and to try to find "a path for Defendants to provide a substantially complete discovery today by 5 p.m." (*Id.*). Plaintiffs informed Defendants that they would need to seek relief from the Court if Defendants were not going to materially comply with the Order, and that Plaintiffs reserved their right to raise non-compliance. (*Id.*).

The timeline for compliance with the Court's February 22 Order passed without Defendants responding or providing either interrogatory responses or any document production. At 12:51 p.m. CST today, Defendants' counsel sent an email stating:

6

> ICE informs us that [sic] is working diligently to meet the court's deadline. They did ask us, late last night, to ask if Plaintiffs' counsel would be amenable to production today at 5pm CST, although we construed their request to be limited to RFPs 6 & 7. We do expect production by 5pm CST, except that, as we stated in our correspondence last night, ICE does not expect to produce materials responsive to RFP 13 today.

(Ex. B).

Although Defendants referred to their correspondence the previous night, this statement bore little resemblance to their representations at that time, as Plaintiffs pointed out in a follow-up email offering to defer filing this motion until after 5 pm CST to give Defendants an opportunity to substantially comply. (Ex. B.)

### III.   Substance of Defendants' Production

Between 4:45 and 5:15 pm CST today, Defendants produced responses and objections to Plaintiffs' Interrogatories and Requests for Production (Ex. C, D), as well as six documents.[2]

Defendants refused to answer three of Plaintiffs' four Interrogatories outright. Despite the Court's prior holding that Plaintiffs' interrogatories were "specific and targeted toward preparing for the preliminary injunction hearing," Order at 3, Defendants objected to each as "overly broad, unduly

---

[2] Although the Court has not yet ruled on Defendants' unopposed motion for a protective order, Plaintiffs are not filing the production itself because, once that order is entered, they would need to be filed under seal. If it would aid the Court's resolution of this motion, Plaintiffs can submit copies under seal.

7

burdensome, seek[ing] information that is not relevant to the claims or defenses in this case and … not proportional to the needs of the case." (Ex. C at 2-3).

Defendants objected to Plaintiffs' fourth interrogatory, which requested identification of "all logs, databases, or other systems of records" in which certain information is maintained, on the same boilerplate basis. (*Id.* at 4). On the basis of that objection, Defendants provided a partial but incomplete response to that interrogatory, as discussed further *infra* at 12-13.

Defendants similarly refused outright to respond to RFPs 2, 6, and 7 on grounds of relevance, burden, and proportionality. (Ex. D at 3-4.) They also failed to produce any documents responsive to RFPs 1, 8, 9, 10, and 13, stating for each that "ICE informs undersigned counsel that it intends to produce non-privileged responsive documents by March 2, 2026." *(Id.* at 1, 4-5.) Defendants did produce some documents responsive to RFPs 3, 11, 12, and 14.[3]

The following chart summarizes Defendants' various positions and the current status of each request:

---

[3] Plaintiffs are still reviewing these documents and take no position at this time on whether those productions satisfied Defendants' obligations under the relevant RFPs.

| Request # | Position in 2/20 Opposition | Position in 2/24 9:18pm Email | Position in 2/25 1:51pm Email | Production as of 5pm on 2/25 |
|---|---|---|---|---|
| Rog 1 | Could respond by 2/20 | Would produce by 12pm, 2/25 | Expect production by 5pm, 2/25 | Objected, refused to respond |
| Rog 2 | Could respond by 2/20 | Would produce by 12pm, 2/25 | Expect production by 5pm, 2/25 | Objected, refused to respond |
| Rog 3 | Could respond by 2/20 | Would produce by 12pm, 2/25 | Expect production by 5pm, 2/25 | Objected, refused to respond |
| Rog 4 | Could respond by 2/20 | Would produce by 12pm, 2/25 | Expect production by 5pm, 2/25 | Partial response |
| RFP 1 | Could respond by 2/27 | "best effort to produce before" 3/5 | Expect production by 5pm, 2/25 | "Intends to produce" by 3/2 |
| RFP 2 | Could respond by 2/27 | "best effort to produce before" 3/5 | Expect production by 5pm, 2/25 | Objected, limiting response to RFP 1 |
| RFP 3 | Could respond by 2/27 | "best effort to produce before" 3/5 | Expect production by 5pm, 2/25 | Produced |
| RFP 4 | Could respond by 2/20 | n/a | n/a | n/a |
| RFP 5 | Could respond by 2/20 | n/a | n/a | n/a |
| RFP 6 | Could respond by 2/20 | Would produce by 5pm, 2/25 | Expect production by 5pm, 2/25 | Objected, refused to respond |
| RFP 7 | Could respond by 2/20 | Would produce by 5pm, 2/25 | Expect production by 5pm, 2/25 | Objected, refused to respond |
| RFP 8 | Could respond by 2/27 | "best effort to produce before" 3/5 | Expect production by 5pm, 2/25 | "Intends to produce" by 3/2 |
| RFP 9 | Could respond by 2/27 | "best effort to produce before" 3/5 | Expect production by 5pm, 2/25 | "Intends to produce" by 3/2 |
| RFP 10 | Could respond by 2/27 | "best effort to produce before" 3/5 | Expect production by 5pm, 2/25 | "Intends to produce" by 3/2 |
| RFP 11 | Could respond by 2/20 | Would produce by 12pm, 2/25 | Expect production by 5pm, 2/25 | Produced |
| RFP 12 | Could respond by 2/20 | Would produce by 12pm, 2/25 | Expect production by 5pm, 2/25 | Produced |
| RFP 13 | Could respond by 2/20 | Would produce by 12pm, 2/25 | "does not expect to produce" today | "Intends to produce" by 3/2 |
| RFP 14 | Could respond by 2/20 | Would produce by 12pm, 2/25 | Expect production by 5pm, 2/25 | Produced |

## ARGUMENT

By failing to comply with the Court's discovery deadline, Defendants have failed to comply with an Order of this Court, prejudiced

9

Plaintiffs' ability to comply with their filing deadlines, and jeopardized the Court's ability to consider any new evidence in a timely and orderly fashion before the expiration of the TRO.  As such, immediate relief is appropriate and necessary.

## I.     Applicable Standard

Pursuant to Federal Rule of Civil Procedure 37(a) a party may "move for an order compelling disclosure or discovery" of a discovery request issued pursuant to Rule 33 (interrogatories) and Rule 34 (requests for production of documents).  Fed. R. Civ. P. 37(a)(1), (3)(B)(iii)-(iv).  The Court may compel the production and, if the motion is granted, order the non-producing party to pay movant's reasonable expenses.

Where the non-discovery is in violation of an Order of the Court, as is the case here, the Court may then issue further orders, including:

- (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
- (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- (iii)  striking pleadings in whole or in part; . . .
- (vi)   rendering a default judgment against the disobedient party; . . . .

Fed. R. Civ. P. 37(b)(2)(A) (omitting non-related provisions). In such circumstances, the Court "must order the disobedient party" to pay reasonable expenses unless the failure was substantially justified. *Id.* at 37(c).

In addition, the Court "may impose sanctions based on its inherent authority to control its own judicial proceedings." *E*Trade Sec. LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 586 (D. Minn. 2005).

## II. Defendants Have Violated the Order

Defendants have willfully violated the Court's Order without seeking relief from the Court. Rather than advising the Court of any potential difficulties complying with the Order and seeking appropriate modifications, Defendants unilaterally chose to flout the Court-ordered deadlines. This has already upset the deadlines in this time-sensitive matter and, the longer that Defendants' non-compliance continues, will cause more damage to Plaintiffs' ability to submit their supplemental briefing and the Court's ability to rule on Plaintiffs' motion for a preliminary injunction.

Defendants' noncompliance extends not only to the document requests for which they asserted the power to unilaterally change the deadline without relief from the Court (i.e., RFPs 1, 8, 9, 10, and 13), but to the interrogatories and document requests that they refused to answer (i.e., Interrogatories 1-3 and RFPs 2, 6, and 7). The Court has already held that the requests at issue are "specific and targeted toward preparing for the preliminary injunction

11

hearing." ECF 101 at 3. While Defendants are free to object to the requests, refusing to produce or respond at all on the basis of boilerplate relevance, burden, and proportionality objections is contrary to the Court's ruling. And even if the Court had not already resolved this question, none of Defendants' objections would be well-taken:

- Interrogatory 1 and 4(c): Defendants' capacity to house detainees at facilities within Minnesota is relevant to any defense they may raise regarding capacity constraints that purportedly justify out-of-state transfers, and to the concern that a remedy prohibiting out-of-state transfer could result in people being held at Whipple for prolonged periods. *See* Hrg. Tr. at 16:6-21:22.

- Interrogatories 2 and 3: There have been several cases of children detained by Defendants and transferred out of Minnesota before having access to an attorney,[4] but Plaintiffs' understanding is that Whipple is not used to detain children. These interrogatories are relevant to determining whether the definition of "Detainee" in the preliminary injunction needs to include Class members who are not detained at Whipple in order to ensure that they are not transferred out of state without access to counsel and what provisions would be best tailored to serving that end.

- Interrogatory 4: Defendants appear to be objecting to the scope of requesting identification of all systems of records containing the information at issue on the basis of scope and burden. Based on this objection, they have provided a response that is incomplete and false.[5] An

---

[4] *See, e.g., ICE detained a Minnesota teen, labeled him an 'unaccompanied minor,' and lost him*, Star Tribune (Feb. 22, 2026), https://perma.cc/WDR3-UDLQ.

[5] For example, in response to Plaintiffs' request for all databases or other systems of records in which "[t]he location, date and time of arrest, and the date and time of entry or departure from any holding or detention facility" is maintained, Defendants claim that "the Online Detainee Locator System serves as the repository for tracking the detention location of aliens." (Ex. C at 4-5). This is false: ODLS is just a user interface for "members of the

12

understanding of the logs, databases, and systems of records in which the requested information is maintained will help Plaintiffs and the Court assess any claims that Defendants' declarants make based on "information obtained from records, systems, databases, … and/or information portals maintained and relied upon by DHS."  Decl. of Tauria Rich, ECF No. 92-1, ¶ 4.

- RFP 2: Information regarding people not initially detained at Whipple is essential to determine whether a provision is needed in the preliminary injunction to prevent Defendants from transferring people directly out of state without taking them to Whipple, given that the Temporary Restraining Order only applies to people "initially detained" at Whipple.  ECF No. 95 at 36 ¶ 1.

- RFPs 6 and 7:  Information regarding Defendants' staffing both at Whipple and across Minnesota is relevant to Defendants' claim that in-person attorney visits are not feasible because they "would require additional ERO officers."  Decl. of Tauria Rich, ECF No. 92-1, ¶ 8.

### III.   Appropriate Sanctions and Amendments to Schedule

At this stage, Plaintiffs request the Court issue an order setting an on-the-record status conference and/or Order to Show Cause at the Court's earliest convenience to determine the cause of Defendants' failure to comply and to set a schedule for Defendants to finalize production, which allows Plaintiffs and the Court sufficient time to prepare for and rule on the pending Preliminary Injunction Motion.

---

public, family members and legal representatives" to query an extract of data from an internal ICE database, the "Enforcement Integrated Database," which Defendants do not disclose in their interrogatory response.  DHS, Privacy Impact Assessment for the Online Detainee Locator System at 1-2 (July 16, 2025),https://perma.cc/3UFL-SW3B.

Plaintiffs request that a full and complete production be completed immediately. Defendants are uniquely in control of information necessary to evaluate their compliance with the Court's Temporary Restraining Order, the feasibility of the proposed preliminary injunction, and any deprivations occurring for minor children or others being detained initially outside Whipple. Defendants should not be permitted to avoid disclosure of this critical information. Plaintiffs also ask that deadline for submission of their brief be adjusted to allow Plaintiffs at least 48 hours after the completion of discovery to submit a brief. Plaintiffs thus propose the following adjusted briefing schedule:

- Defendants finalize production by end of day Friday, February 27, 2026.
- Plaintiffs submit a brief by Monday, March 2, 2026 at 12:00 p.m.
- Defendants submit a brief by Tuesday, March 3, 2026 at 12:00 p.m.
- Plaintiffs submit a reply brief by Wednesday, March 4, 2026 at 3:00 p.m.

Under this proposed schedule, the Court would be able to retain the Preliminary Injunction Motion schedule it has set forth in its prior Order, while also laying the burden of the diminished time for briefing resulting from Defendants non-production at the feet of the party responsible.

Plaintiffs also request that Defendants be required to show cause as to their failure to comply with the Court's Order, as Defendants' non-compliance

14

with the Court's Order does not appear to be substantially justified. Defendants have repeatedly represented to Plaintiffs and this Court that the various materials at issue could be produced by as early as last Friday 20, 2026 (ECF No. 100); or Wednesday, February 26, 2026 at 12:00 p.m. (Ex. B at 7); or Wednesday, February 26, 2026 at 5:00 p.m. (Ex. B at 2); or Friday, February 27, 2026 (ECF No. 100). As these deadlines passed, Defendants did not engage in offers to meet and confer with Plaintiffs, nor did they move this Court prior to violating the terms of the Order.

Instead, despite the Court's prior finding that the discovery at issue was narrowly tailored and relevant to the Preliminary Injunction Motion, (ECF No. 101), Defendants simply unilaterally refused to answer Interrogatories Nos. 1-3, did not fully answer Interrogatory No. 4, and refused to produce documents in response to Requests for Production Nos. 2, 6, and 7 on the basis of relevancy objections. For Requests for Production Nos. 1, 9, 10, and 13, Defendants also unilaterally set itself a new production deadline in direct contravention of the Court's Order.

Defendants' conduct in this case alone warrants serious and significant consequences under Rule 37 and the Court's inherent authority. However, Defendants' conduct becomes even more troubling in light of Defendants consistent pattern of conduct throughout the District of Minnesota and its ongoing refusal to comply with Orders. In the past few months, Defendants

have displayed worrying indifference, and sometimes outright hostility, to the rule of law, a pattern that has been documented by many judges. Last month, Judge Schiltz of this Court recounted almost 100 court orders Defendants violated in January 2026, noting that they disobeyed more judicial orders in January than "some federal agencies have violated in their entire existence." Order, *Juan T.R. v. Noem*, No. 26-0107, at 2-3 (D. Minn. Jan, 28, 2026). In the last six months, at least thirty-five federal district court or magistrate judges issued show-cause orders requiring Defendants to demonstrate why they should not be sanctioned or held in contempt for their flagrant violations of court orders. Mattathias Schwartz, Zach Montague, and Ernesto Londono, *Judges Grow Angry Over Trump Administration Violating Their Orders*, New York Times (Feb. 24, 2026), https://perma.cc/Z54A-4TLA. This pattern has continued in this District as recently as last week. *See* Minute Entry, *Rigoberto S. J. v. Bondi*, No. 26-00957 (D. Minn. Feb. 18, 2026); Order, *Rigoberto S. J. v. Bondi*, No. 26-00957 (D. Minn. Feb. 20, 2026). Judge Provinzino's February 20, 2026 Order details multiple times Defendants blew past deadlines, failed to respond to plaintiffs/petitioners, and made misrepresentations to the court, all of which contributed to the Court's contempt finding. "[T]he refrain of 'understaffing' and 'too many cases' has worn out its welcome, particularly when it comes at the expense of individual rights." *Id.* Defendants' failure to

16

comply with this Court's Order should be evaluated in the context of this pervasive disregard for judicial orders and the rule of law.

Thus, the Court is well within its authority to issue sanctions against Defendants in this matter. Plaintiffs propose the following sanction: For purposes of Plaintiffs' motion for preliminary injunction and the March 5, 2026 hearing, Defendants shall be precluded from offering or relying on documents or data responsive to Plaintiffs' discovery requests and not produced by February 25, 2026. In addition, Defendants should be warned that further failure to comply with its obligations will result in escalating sanctions.

Finally, Plaintiffs should also be permitted to submit a claim for reasonable attorney fees associated with compelling Defendants' compliance since the Court's February 22, 2026 Order.

## CONCLUSION

As set forth herein, Plaintiffs request an emergency on-the-record status conference and such relief as set forth above or as deemed appropriate by the Court.

Dated: February 25, 2026				Respectfully submitted,

<div style="margin-left: 3em;">

*s/ Alethea M. Huyser*
Alethea M. Huyser (#0389270)
Rachel L. Dougherty (#0399947)
Devin T. Driscoll (#0399948)
Sarah Theisen (#0402844)
Margaret G. Severson (#0504388)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
P: (612) 492-7000
ahuyser@fredlaw.com
rdougherty@fredlaw.com
ddriscoll@fredlaw.com
stheisen@fredlaw.com
mseverson@fredlaw.com

Jeffrey B. Dubner
Aman T. George
Mark B. Samburg
Elena Goldstein
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
P: (202) 448-9090
jdubner@c.democracyforward.org
ageorge@democracyforward.org
msamburg@democracyforward.org
egoldstein@democracyforward.org

*Counsel for Plaintiffs*

</div>