# EXHIBIT B

| From: | Huyser, Leah |
|---|---|
| To: | "Parascandola, Christina (CIV)"; Jeff Dubner |
| Cc: | Driscoll, Devin; Dougherty, Rachel; Anashua Dutta; Mark Samburg; Aman George; Abrams, Andrew C (CIV); DeSimone, Aniello (CIV); Fuller, David (USAMN); Silvis, William (CIV) |
| Subject: | RE: [EXTERNAL] Follow-up on meet and confers |
| Date: | Wednesday, February 25, 2026 2:37:34 PM |
| Attachments: | image001.png |
| | image002.png |

Christina,

I am, to be honest, a little confused. As I read your emails,

**Email of February 24, 2026 at 9:00 p.m.**

| Defs' Proposed Timeline | Interrogatories | RFPs | Current Status |
|---|---|---|---|
| Wed. 2/25 at 12:00 p.m. CT | All responses | Nos. 11-14 | None provided/produced |
| Wed. 2/25 at 5:00 p.m. CT | N/A | Nos. 6-7 | N/A |
| Maybe prior to 3/5 | N/A | Nos. 1-3, 8-10 | N/A |

**Email of February 25, 2026 at 1:51 p.m.**

| Defs' Proposed Timeline | Interrogatories | RFPs | Current Status |
|---|---|---|---|
| Wed. 2/25 at 12:00 p.m. | None | None | None |
| Wed. 2/25 at 5:00 p.m. CT | All responses | Nos. 1-3, 6-12, 14 | N/A |
| Unclear | N/A | No. 13 | N/A |

Given that last night you stated that Defendants would produce in response to RFP No. 13 two hours ago, we expect the production today to include that information. We ask that you begin a rolling production of the materials already prepared, as the deadline has already passed. Finally, we'd also ask that Defendants agree to extend Plaintiffs' time to file a supplemental brief until Friday at 5:00 p.m., without a corresponding extension of Defendants brief deadline on Tuesday. (Note that this does not seem inequitable as, under the Order, Defendants had four days to file a response, while Plaintiffs had only 48 hours after receiving discovery).

If you are agreeable to this, we will agree to hold off on filing a motion until 5:00 p.m. CT. We believe we've now dispatched our obligation to meet and confer, and we intend to move the court if production does not occur by that time.

Thanks,

Leah

**EXHIBIT B**

Alethea M. Huyser
(612) 492-7103

**From:** Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>
**Sent:** Wednesday, February 25, 2026 1:51 PM
**To:** Huyser, Leah <Ahuyser@fredlaw.com>; Jeff Dubner <consultantjdubner@democracyforward.org>
**Cc:** Driscoll, Devin <DDriscoll@fredlaw.com>; Dougherty, Rachel <RDougherty@fredlaw.com>; Anashua Dutta <adutta@democracyforward.org>; Mark Samburg <msamburg@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Abrams, Andrew C (CIV) <Andrew.C.Abrams@usdoj.gov>; DeSimone, Aniello (CIV) <Aniello.DeSimone@usdoj.gov>; Fuller, David (USAMN) <David.Fuller@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>
**Subject:** RE: [EXTERNAL] Follow-up on meet and confers

**CAUTION: EXTERNAL E-MAIL**

Hi Leah,

ICE informs us that is working diligently to meet the court's deadline. They did ask us, late last night, to ask if Plaintiffs' counsel would be amenable to production today at 5pm CST, although we construed their request to be limited to RFPs 6 & 7. We do expect production by 5pm CST, except that, as we stated in our correspondence last night, ICE does not expect to produce materials responsive to RFP 13 today.

Sincerely,

Christina

Christina Parascandola
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
202-514-3097 | christina.parascandola@usdoj.gov

**From:** Huyser, Leah <Ahuyser@fredlaw.com>
**Sent:** Wednesday, February 25, 2026 2:04 PM
**To:** Jeff Dubner <consultantjdubner@democracyforward.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>
**Cc:** Driscoll, Devin <DDriscoll@fredlaw.com>; Dougherty, Rachel <RDougherty@fredlaw.com>; Anashua Dutta <adutta@democracyforward.org>; Mark Samburg

<msamburg@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Abrams, Andrew C (CIV) <Andrew.C.Abrams@usdoj.gov>; DeSimone, Aniello (CIV) <Aniello.DeSimone@usdoj.gov>; Fuller, David (USAMN) <David.Fuller@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>
**Subject:** RE: [EXTERNAL] Follow-up on meet and confers

Christina,

The Court deadline for discovery has passed and we are not in receipt of any discovery, nor with any further communications from Defendants.  We are preparing a motion for the Court to enforce the order and compel discovery.  We will move forward with seeking Court relief once finalized, which is likely to be in approximately an hour, and will seek an on-the-record status conference on the issue as soon as possible.

If Defendants have a plan to complete the production today, please let us know in the next hour.

Thanks,
Leah

Alethea M. Huyser
(612) 492-7103

**From:** Jeff Dubner <consultantjdubner@democracyforward.org>
**Sent:** Wednesday, February 25, 2026 10:42 AM
**To:** Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>
**Cc:** Huyser, Leah <Ahuyser@fredlaw.com>; Driscoll, Devin <DDriscoll@fredlaw.com>; Dougherty, Rachel <RDougherty@fredlaw.com>; Anashua Dutta <adutta@democracyforward.org>; Mark Samburg <msamburg@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Abrams, Andrew C (CIV) <Andrew.C.Abrams@usdoj.gov>; DeSimone, Aniello (CIV) <Aniello.DeSimone@usdoj.gov>; Fuller, David (USAMN) <David.Fuller@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>
**Subject:** Re: [EXTERNAL] Follow-up on meet and confers

**CAUTION: EXTERNAL E-MAIL**

Christina,

Thank you for your email. Our responses are below:

**Phone Number:** Thank you for this information. We have continued to receive reports that the Detainee Line (option 6 on the menu) is not answered even during

business hours, including as recently as the morning of February 24.  As such, the explanation of an IT issue affecting evenings and weekends does not explain the issue.  Because the attorneys have not been able to make phone contact with Whipple, we also have limited ability to assess your representations as to what should occur *after* an attorney tries to set up a call. We will continue to investigate the situation and follow up promptly if we believe further action is needed.

**Discovery Production:** Plaintiffs agree to the proposed protective order. In the interest of time, to avoid having to send a draft motion back and forth for signatures, you can represent to the Court that we do not oppose your motion. Please file it as soon as you're able, to ensure that it doesn't delay today's production.

However, we cannot agree to Defendants' unilateral request for relief from the Court-ordered production deadlines. We indicated both in Thursday's meet and confer and in my Monday email that we're available to discuss the scope of our requests and how they can most efficiently be satisfied. Defendants have never taken us upon on that offer.  Instead, last Friday, Defendants made representations to both Plaintiffs and the Court that they could produce responses to Interrogatories numbered 1 through 4 and Requests for the Production of Documents numbered 4, 5, 6, 7, 11, 12, 13, and 14 by *last Friday*, and to Requests for the Production of Documents numbered 1, 2, 3, 8, 9, and 10 by *this Friday*.

Then, after receiving an Order on Sunday which only advanced production by a couple days over Defendants own proposal, Defendants did not indicate that they anticipated any trouble meeting the deadline until after 9 pm CT on the night before the production is due. You now seem to be asking for *no* deadline whatsoever for several of the requests, but only that ICE will "make its best effort" to produce them before the March 5 evidentiary hearing. This defeats the purpose of the hearing and the Court-ordered briefing schedule, and is incompatible with the Court's efforts to determine whether to convert the TRO into a preliminary injunction motion without undue delay.

As we said before, we're happy to discuss the scope of the requests and work through any specific issues, and are willing to meet and confer ASAP if there is a path for Defendants to provide a substantially complete discovery today by 5 p.m. But barring that, if Defendants wish to obtain relief from the Court's deadlines, they may move for such relief, which we would oppose. Given the tight timelines and the prejudice to Plaintiffs, we also reserve our rights to raise non-compliance with the Court's Order immediately.  If you want to meet and confer further on any of this, we are available ASAP to discuss.

**Motion to Remove C.A.:** Your email misrepresents our position during Thursday and Friday's meet and confers. When you asked for C.A.'s identity on Thursday, we said that we would consider it but did not see what material information Defendants could obtain from knowing her identity, given that you would have both L.H.M.'s and Briand's identity and thus would have full information about any attempts either made to effectuate L.H.M.'s right to counsel while detained. On Friday, we explained that we expected to move to remove C.A. as a next friend, given that L.H.M. was now able to

represent her own interests, and said that we did not believe there was any reason to provide C.A.'s name.

Your email further misrepresents our position when it says we offered to provide the name and A Numbers of L.H.M. and the detainee declarants by today. First, as to names said that we expected we could get authority from L.H.M. and the detainee declarants by Monday or Tuesday (which we have done), and then could provide them *subject to a protective order*. Second, unless I'm mistaken, I don't believe you raised A Numbers in our calls Thursday and Friday. That said, we are happy to provide them, subject to a protective order, to the extent we have them available or obtain them from the declarants.

We will represent to the Court in our LR 7.1 statement that Defendants informed Plaintiffs that they "are not able to provide a position on a motion to remove C.A. as a Next Friend" without knowing C.A.'s identity."

**Exchanging Witness Lists:** Please let us know if Defendants become ready to agree to a time for exchanging witness lists. We're also available to discuss any other matters regarding the evidentiary hearing that would benefit from discussion.

As always, please let us know if you'd like to discuss any of these issues. Otherwise, we'll look forward to receiving Defendants' production.

Regards,
Jeff


On Tue, Feb 24, 2026 at 10:18 PM Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov> wrote:

> Dear Jeff and Leah,
>
> Please see our responses to your questions below.
>
> Sincerely,
>
> Christina
>
> Christina Parascandola
> Senior Litigation Counsel
> Office of Immigration Litigation
> U.S. Department of Justice
> 202-514-3097 | christina.parascandola@usdoj.gov

**From:** Jeff Dubner <consultantjdubner@democracyforward.org>
**Sent:** Monday, February 23, 2026 1:08 PM
**To:** Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; andrew.abrams@usdoj.gov; Fuller, David (USAMN) <David.Fuller@usdoj.gov>
**Cc:** Huyser, Leah <Ahuyser@fredlaw.com>; Driscoll, Devin <DDriscoll@fredlaw.com>; Dougherty, Rachel <RDougherty@fredlaw.com>; Anashua Dutta <adutta@democracyforward.org>; Mark Samburg <msamburg@democracyforward.org>; Aman George <ageorge@democracyforward.org>
**Subject:** [EXTERNAL] Follow-up on meet and confers

Christina,

We were preparing a JSR to share with you per our conversation on Friday, but given the Court's order last night it seems like most of the topics we planned to address are now moot. We're aware of the following issues for the parties to work through today; are there others on your end?

- **Phone Number:** Do you have any information to share about the phone number? We're concerned that Defendants appear to be out of compliance with paragraph 3(b) of the TRO. Please let us know how that requirement is being implemented. This seems like something that can be worked out without involving the Court, but it does require a resolution soon so please let us know what the situation is.

During our conversation on February 19, 2026 you told us that "multiple immigration attorneys" reported that they called the phone number ICE provided for scheduling phone calls or visits with detainees at Whipple and that the number was not working or that calls to the number are forwarded to Washington, D.C. On the same day, after our conversation, and on the following day, a colleague at DOJ and I called the line and each time spoke with an ICE officer. We are not sure why you received reports that the phone number was not working. But we did follow up with ICE.

ICE informs us of the following. There was an IT issue with updating the telephone system to comply with the court's TRO, and that the issue has been resolved. The TRO requires inbound telephone calls seven days per week, and the telephone system had to be updated to accommodate this mandate. During the week and on weekends, the line is staffed by ERO officers. Officers are instructed to respond to calls from attorneys who seek to talk to their clients detained at Whipple by asking for the name of the attorney and name of the detainee and A# to confirm that the detainee is still at

Whipple. If more than one caller is on the line, USCIS will answer the call if the line is busy. If an attorney calls requesting a visit or to speak with a client, arrangements are made immediately. Requests for appointments have been arranged when the detainee was still at Whipple. If an attorney calls, the officer who answers either makes arrangements for the call to be transferred, gives the attorney a specific number to dial for incoming calls, or has the detainee dial the number on a free outgoing line to their attorney. All attorney visits by phone or in-person are conducted in a private setting. To ensure privacy, detainees are provided with a private room for calls with their attorneys. ICE does have visitor logs for in-person visits, but does not track or log incoming phone calls, including attorney phone calls, because the telephone line receives calls from all types of callers.

- **Initials/Protective Order:** We're looking forward to your redline of the proposed protective order. Once we've agreed on that and the Court has entered it, we expect to be able to provide the names of L.H.M. and the other three detained declarants.

Please see our previous email to you.

- **Discovery Production:** As I mentioned in my email on Saturday, we didn't receive the discovery responses and production that Defendants suggested to both us and the Court would be ready last Friday. Please let us know if we missed a production. We also note that Defendants said they plan to produce documents responsive to RFPs 1, 2, and 8-13 "on a rolling basis," which would seem to be incompatible with the Court's order requiring production by February 25. If Defendants still plan to produce some documents on a rolling basis, could you clarify what you mean by that? Additionally, we're happy to discuss any of the requests if you have questions about what we're seeking or want to discuss the most efficient way to satisfy the requests.

ICE asks that the parties move for a general protective order in this case before ICE produced law enforcement sensitive records pursuant to the Court's order on Plaintiffs' motion for expedited discovery. *See* ECF No. 101 at 5. We have attached a proposed protective order here. Please let us know if Plaintiffs will join a motion for the Court to enter this proposed protective order.

We anticipate that Defendants will be able to respond to Plaintiffs' Expedited Interrogatories and Expedited Requests for Production Numbers 11-14 by noon. ICE

asks that it have until 5pm CT tomorrow to produce responses to Numbers 6 and 7. As for the rest of Plaintiffs' expedited discovery requests, ICE informs us of the following. ICE is unlikely to be able to produce the remainder of the documents requested by tomorrow's deadline. ICE has been working diligently to gather responsive documents to Plaintiffs' Expedited Requests for Production, but the documents must be retrieved by several divisions, then they must be reviewed for privilege before they may be released. ICE states that it will make its best effort to produce the documents as soon as possible and before the PI hearing set for March 5, 2026 at noon CST.

- **List of Pro Bono Providers:** Your opposition stated that "Defendants already have produced to Plaintiffs the list of pro bono legal services provider phone numbers placed in the holding cells at Whipple." Although we were able to briefly view that list at the site visit, we don't believe that we have received a copy of it. Please include a copy with the production, or, if you have already made a copy available, please let us know where to find it.

We have asked ICE to produce the list of pro bono service providers that is posted on the hold room walls at the Whipple holding facility.

- **Motion to Remove C.A. and Amend Caption:** As we mentioned on the phone on Friday, we anticipate removing C.A. as next friend now that L.H.M. has been released and is capable of representing herself. We've prepared a motion requesting those changes, which doesn't change anything else about our filings. Do Defendants have any opposition to that motion?

As we mentioned during our most recent conversation with you, without knowing individual Plaintiff L.H.M's or the Individual Plaintiff's Next Friend C.A.'s identities, Defendants are not able to provide a position on a motion to remove C.A. as a Next Friend at this time. During our conversation on February 19, 2026, you did offer to provide us the name and A Numbers of the unidentified Plaintiff, Next Friend, and declarants today.

- **Planning for Evidentiary Hearing:** Does three days ahead still work for Defendants for exchanging witness lists? If so, we would propose March 3 at 3 pm.

As we stated during our conversation on February 20, 2026, we agree in principle but without knowing the identities of the Plaintiff, Next Friend, and several declarants, and given that Plaintiffs likely will submit additional declarations, we cannot commit to a schedule for exchanging witness lists at this time.

We look forward to discussing. If you'd like to set up a call about any of these matters, please let us know.

Regards,
Jeff



**Jeffrey Dubner**
**Consultant Attorney**
**Democracy Forward**
*[he/him]* (why I share my pronouns)

**Email:** jdubner@c.democracyforward.org
**Website:** democracyforward.org

**When we fight, democracy wins**.
Democracy Forward's team works across multiple time zones so my working hours may not be the same as yours. Please feel free to read, act on, and respond to my messages at a time that works for you.
*NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.*

