# EXHIBIT C

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| The Advocates for Human Rights and L.H.M., through her next friend C.A.,<br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as the Acting Executive Director for Immigration and Customs Enforcement's Enforcement and Removal Operations; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director for Immigration and Customs Enforcement's Enforcement and Removal Operations St. Paul Field Office; U.S. FEDERAL PROTECTIVE SERVICE; and FARON K. PARAMORE, in his official capacity as Director of the Federal Protective Service,,<br><br>Defendants. | CASE NO. 25-cv-00749<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO INTERROGATORIES IN PLAINTIFFS' EXPEDITED DISCOVERY REQUESTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Kristi Noem, Department of Homeland Security, Todd Lyons, Immigration and Customs Enforcement, Marcos Charles, David Easterwood, and Faron Paramore ("Defendants" or the "Government"), through counsel, hereby object and respond to the interrogatories in Plaintiffs' Expedited Discovery Requests to Defendants dated February 13, 2026, (the "Discovery Requests").

**EXHIBIT C**

These responses are accurate to the best of the Government's knowledge as of this date. The Government's investigation, however, is continuing. The Government expressly reserves the right to supplement its responses based on subsequently discovered information.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

1. Identify all locations within the Area of Responsibility of the St. Paul Field Office at which DHS has detained one or more persons overnight since December 1, 2025, including, without limitation, all jails or prisons, federal property, and hotels.

Response to Interrogatory No. 1: The Government objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to the claims or defenses in this case and is not proportional to the needs of the case. All allegations in the complaint and declarations submitted by Plaintiffs concern conditions at the Whipple holding facility or events that took place inside or in the area immediately outside of the Whipple Federal Building and no other location within Minnesota or the St. Paul Field Office Area of Responsibility (which includes all of Minnesota). The eight counts in Plaintiffs' complaint are based on these alleged conditions or events at the Whipple Federal Building and no other holding or detention facility within Minnesota or the St. Paul Field Office Area of Responsibility. Assertions regarding all of Defendants' detention facilities within the Area of Responsibility of the St. Paul Field Office, therefore are not relevant to Plaintiffs' claims regarding access to counsel at the Whipple Hold Room, or the access of attorneys for people held at the Whipple Hold Room to their clients while they are at that facility. Given that any responsive answer to this interrogatory would not lead to the discovery of evidence probative of Plaintiffs' allegations regarding access to counsel at the Whipple Hold Room, this interrogatory is overly broad and not proportional to the needs of the case.

2.     For any persons who are minors under the age of 18 who DHS has detained and who were kept overnight in Minnesota since December 1, 2025, state the person's name, A-number, country of origin, date of birth, as well as (a) the date(s) and time(s) of their detention, (b) all locations at which Defendants detained them, (c) whether they were detained with any family member or relative and the name, A-number, and date of birth of any family member or relative with them, (d) any phone calls which they were allowed to make, and (e) their current location and/or the date, time, and location of their release.

<u>Response to Interrogatory No. 2</u>: The Government objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to the claims or defenses in this case and is not proportional to the needs of the case. Assertions regarding minors being kept overnight in Minnesota since December 1, 2025, are not relevant to Plaintiffs' claims regarding access to counsel at the Whipple Hold Room. This request seeks information unlikely to lead to the discovery of evidence probative of Plaintiffs' allegations regarding access to counsel at the Whipple Hold Room.

3.     For each person who is a minor under the age of 18 who was identified in Interrogatory No. 2 and who was housed in a hotel or other non-secure facility, describe the conditions of the non-secure facility, including whether and what access the detainee had to telephones and or meetings with family or lawyers (including whether that access was private), the sleeping arrangements, and the number of DHS employees or contractors housed in the same room or location.

<u>Response to Interrogatory No. 3</u>: The Government objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to the claims or defenses in this case and is not proportional to the needs of the case. All allegations in the

complaint and declarations submitted by Plaintiffs concern conditions at the Whipple holding facility or events that took place inside or in the area immediately outside of the Whipple Federal Building. The eight counts in Plaintiffs' complaint are based on these alleged conditions or events at the Whipple Federal Building and no other location where Defendants have held or detained individuals within Minnesota or anywhere else within the St. Paul Field Office Area of Responsibility. Assertions regarding hotels or non-secure facilities are not relevant to Plaintiffs' claims regarding access to counsel at the Whipple Hold Room. Given that information responsive to this interrogatory would not lead to the discovery of evidence probative of Plaintiffs' allegations regarding access to counsel at the Whipple Hold Room, this interrogatory is not proportional to the needs of the case.

4. Identify all logs, databases, or other systems of records in which any of the following information is recorded or maintained:

   a. The location, date and time of arrest, and the date and time of entry at or departure from any holding or detention facility of any Class member.
   b. Phone calls placed from hold rooms at Whipple, including the time, cost, and length of calls and the number called.
   c. The available capacity (whether set by contract or fluctuating on daily basis) for any facility identified in Interrogatory No. 1 to house DHS detainees, and the number of detainees actually housed by DHS at that facility on a daily basis.

Response to Interrogatory No. 4: The Government objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to the claims or defenses in this case and is not proportional to the needs of the case.

Without waiving the foregoing objections related to the Whipple Hold Room, the

Government responds that the Online Detainee Locator System serves as the repository for tracking the detention location of aliens. A private contractor manages telephone service for the Whipple Hold Room and therefore the information requested is not within the Government's custody or control. The St. Paul Field Office does not maintain a database or other system of records that would provide information that Plaintiffs seek in subsection (c) of this interrogatory. The maximum capacity for the ICE hold rooms at the Whipple Building was set by the fire marshal at 142.

Dated: February 25, 2026                    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

*s/ Christina Parascandola*
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
ANDREW C. ABRAMS
Trial Attorney
U.S. Dept. of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878
Washington, DC 20044
(202) 514-3097
christina.parascandola@usdoj.gov

Attorneys for Defendants

## VERIFICATION

Pursuant to the requirements of 28 U.S.C. § 1756(b), I hereby declare under penalty of perjury that the foregoing Defendants' Responses to Plaintiffs' Expedited Interrogatory Number 4 is true and correct to the best of my knowledge, information and belief.

ADAM R AUTIO
Digitally signed by ADAM R AUTIO
Date: 2026.02.25 15:11:18 -06'00'

Adam Autio
Assistant Field Office Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement