# EXHIBIT D

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

|  |  |
|---|---|
| The Advocates for Human Rights and L.H.M., through her next friend C.A., <br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as the Acting Executive Director for Immigration and Customs Enforcement's Enforcement and Removal Operations; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director for Immigration and Customs Enforcement's Enforcement and Removal Operations St. Paul Field Office; U.S. FEDERAL PROTECTIVE SERVICE; and FARON K. PARAMORE, in his official capacity as Director of the Federal Protective Service,, <br><br> Defendants. | CASE NO. 26-cv-00749 <br><br> **DEFENDANTS' RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION IN PLAINTIFFS' EXPEDITED DISCOVERY REQUESTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Kristi Noem, Department of Homeland Security, Todd Lyons, Immigration and Customs Enforcement, Marcos Charles, David Easterwood, and Faron Paramore ("Defendants" or the "Government"), through counsel, hereby object and respond to the requests for production in Plaintiffs' Expedited Discovery Requests to Defendants dated February 13, 2026.

**EXHIBIT D**

These responses are accurate to the best of the Government's knowledge as of this date and given the abbreviated time in which to respond. *See* Order (Feb. 20, 2026), ECF No. 101 at 5 (providing Defendants five calendar days to respond). Defendants inform undersigned counsel that responses to requests numbered 1, 2, and 13 will require data pulls by U.S. Immigration and Customs Enforcement's ("ICE's") Enforcement and Removal Operations Law Enforcement Systems and Analysis Division, and that responses to requests numbered 8, 9, and 10 will require data pulls by ICE's Office of Chief Information Officer necessitating additional time.[1] Further, the Government's investigation is continuing. The Government expressly reserves the right to supplement its responses based on subsequently discovered documents and information.

## EXPEDITED REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Documents sufficient to show the name, A-number, country of origin, and date of birth of every person detained at Whipple since January 6, 2026, as well as (a) the date(s) and time(s) of their entry at Whipple, (b) the date(s) of their departure from Whipple, (c) where they were taken or released upon leaving Whipple, and (d) their current location and/or the date, time, and location of their release.

Response to Document Request No. 1: ICE informs undersigned counsel that it intends to produce non-privileged responsive documents by March 2, 2026.

2. Documents sufficient to show the name, A-number, country of origin, and date of birth of every person detained by Defendants in Minnesota since January 6, 2026 who was not brought to Whipple, as well as (a) the date(s) of their detention, (b) all locations at which

---

[1] Defendants, through counsel, informed the Court that they would require until February 27, 2026 to produce the documents that Plaintiffs request in their Requests for Production of Documents numbered 1, 2, 3, 8, 9, and 10. *See* Defs' Opp. to Pls' Mot. for Expedited Discovery (Feb. 20, 2026) at 5.

Defendants detained them, and (c) their current location and/or the date, time, and location of their release. Any person who was detained by Defendants and released at the same location without being transported elsewhere is excluded from this request.

Response to Document Request No. 2: ICE informs undersigned counsel that it intends to produce non-privileged documents responsive to the detainees held at the Whipple Hold Room by March 2, 2026. The request to produce documents related to "every person detained in Minnesota and not brought to Whipple" is not relevant to Plaintiffs' causes of action and is not proportional to the needs of the case.

3. Documents sufficient to show all calls placed from a telephone in any hold room at Whipple since December 1, 2025, including (a) the A-number of the person placing the call, (b) the date and time of the call, (c) the number called, (d) the length of the call, and (e) the cost of the call.

Response to Document Request No. 3: The Government has produced documents from Talton, a private contractor for ICE, which manages telephone service for the Whipple Hold Room.

4. Documents sufficient to show the daily number of beds (a) for use by DHS and (b) used by DHS at any facility within the area of Responsibility of the St. Paul Field Office at which DHS has detained any persons since January 1, 2025.

Response to Document Request No. 4: Pursuant to the Court's order of February 22, 2026, ECF No. 101 at 3, the Government will not provide a response at this time.

5. Any and all communications with any local, county or state facility in the Area of Responsibility of the St. Paul Field Office discussing the daily number of beds available for use by DHS since December 1, 2025.

<u>Response to Document Request No. 5</u>: Pursuant to the Court's order of February 22, 2026, ECF No. 101 at 3, the Government will not provide a response at this time.

6. The number of DHS employees and contractors staffed at Whipple for each day since December 1, 2025.

<u>Response to Document Request No. 6</u>: The Government objects to this interrogatory on the grounds that it is not proportional to the needs of the case and seeks law enforcement sensitive information. Further, this request is ambiguous, and the Government cannot respond to this request for production of documents as it is written.

7. The number of DHS employees and contractors working in, on assignment in or stationed in Minnesota for each day since December 1, 2025.

<u>Response to Document Request No. 7</u>: The Government objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks law enforcement sensitive information. Further, this request is ambiguous, and the Government cannot respond to this request for production of documents as it is written.

8. Any and all documents containing communications sent by Minnesota attorneys to DHS and requesting telephone or in-person access to detainees initially detained at Whipple since December 1, 2025.

<u>Response to Document Request No. 8</u>: ICE informs undersigned counsel that it intends to produce non-privileged responsive documents by March 2, 2026.

9. Any and all documents containing communications sent by Minnesota attorneys to DHS notifying DHS of court cases or court orders requiring the release of detainees initially detained at Whipple since December 1, 2025.

Response to Document Request No. 9: ICE informs undersigned counsel that it intends to produce non-privileged responsive documents by March 2, 2026.

10. Any and all documents containing responses from DHS to the communications identified in response to Document Request No. 8 and 9.

Response to Document Request No. 10: ICE informs undersigned counsel that it intends to produce non-privileged responsive documents by March 2, 2026.

11. The list of pro bono legal service provider phone numbers placed in holding cells and the intake/processing station at Whipple.

Response to Document Request No. 11: The Government has produced the requested document.

12. Any documents that reflect or catalog the usage of the ERO Visitation Rooms for meetings at the Whipple Building since January 1, 2025.

Response to Document Request No. 12: The Government objects that the time frame is overly broad, unduly burdensome, and not proportional to the needs of the case. The Government has identified responsive documents using a time frame of December 1, 2025, and has produced said documents.

13. Documents sufficient to show each instance of individuals detained at Whipple being transported outside of Minnesota, including the date and time of travel and the destination.

Response to Document Request No. 13: ICE informs undersigned counsel that it intends to produce non-privileged responsive by March 2, 2026.

14. Any records, databases, or other documents that reflect or catalog attorney visits at Whipple since December 1, 2025, including attorney name and time and date of visit.

<u>Response to Document Request No. 14</u>: The Government has produced the requested document.

Dated: February 25, 2026　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　BRETT A. SHUMATE
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　Civil Division

　　　　　　　　　　　　　　　　　　　　GLENN M. GIRDHARRY
　　　　　　　　　　　　　　　　　　　　Acting Deputy Director

　　　　　　　　　　　　　　　　　　　　WILLIAM C. SILVIS
　　　　　　　　　　　　　　　　　　　　Assistant Director

　　　　　　　　　　　　　　　　　　　　<u>*s/ Christina Parascandola*</u>
　　　　　　　　　　　　　　　　　　　　CHRISTINA PARASCANDOLA
　　　　　　　　　　　　　　　　　　　　Senior Litigation Counsel
　　　　　　　　　　　　　　　　　　　　ANDREW C. ABRAMS
　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　U.S. Dept. of Justice, Civil Division
　　　　　　　　　　　　　　　　　　　　Office of Immigration Litigation
　　　　　　　　　　　　　　　　　　　　P.O. Box 878
　　　　　　　　　　　　　　　　　　　　Washington, DC 20044
　　　　　　　　　　　　　　　　　　　　(202) 514-3097
　　　　　　　　　　　　　　　　　　　　christina.parascandola@usdoj.gov

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants