UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS, *et al.* | Case No. 0:26-cv-00749 (NEB/DLM) |
| Plaintiffs, | **DECLARATION OF GRACE JACOBSON** |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | |

I, Grace Jacobson, declare the following is true and accurate to the best of my knowledge and recollection.

1. I am an attorney based in Minneapolis, Minnesota. I am an associate at Dorsey & Whitney LLP. I am licensed to practice in the state of Minnesota and the United States District Courts of Minnesota and the Eastern District of Wisconsin.

2. On Thursday, February 12, 2026, I filed a habeas petition on behalf of Client A, the same day that Judge Brasel issued a TRO in *Advocates for Human Rights v. Dep't of Homeland Sec.*, 26-cv-749, ECF 95 (D. Minn. Feb. 12, 2026) ["Order"].

3. Client A had been detained by Immigration Customs and Enforcement ("ICE") on January 28, 2026. Client A was initially processed at the Whipple building in St. Paul, Minnesota, before he was moved to the Kandiyohi County Jail in Willmar, Minnesota that same day. I was first contacted by Client A's family on February 6, 2026, seeking assistance with a habeas petition. On February 6, I contacted the Kandiyohi County Jail to speak with Client A. I was told by a jail employee that they could not facilitate conversations between ICE detainees and their counsel and could not provide my contact information to Client A. However, this jail employee did provide me a phone number, (612) 843-8600, to contact ICE and attempt to get information about Client A's situation. This appeared to be a number to reach the ERO office at Whipple. *See* U.S. Immigration and Customs Enforcement, https://www.ice.gov/node/62111 (last accessed Feb. 27, 2026). I called that number and spoke with an ICE agent, who provided me information about Client A's arrest. However, after that initial conversation, my subsequent five calls to that number over the next week all went unanswered.

4.      On February 12, I received a frantic call from the family of Client A. Client A had called his family from Kandiyohi County Jail and told them he was being transferred to Whipple. He was concerned that the transfer to Whipple meant that ICE was preparing to move him out of state. I immediately checked ICE's Online Detainee Locator System ("ODLS") for his location, which just said "in ICE custody" and directed me to call (612) 409-7799. This is the number for the St. Paul ICE Field office in Whipple. I called this number twelve times on February 12. Most calls went completely unanswered. When someone picked up it was because the call was re-routed to a national line, and someone outside of Minnesota would answer. On each of those occasions, they abruptly told me that they would not give me any information on my client's whereabouts nor provide him with my contact information.

5.      I refreshed ODLS for hours on February 12, from the afternoon to the night. Finally, by the end of the day, ODLS showed that my client was at Whipple.

6.      The next morning around 9am, I went to Whipple. I had a copy of my G-28 and the Order with me. I was hopeful that I would be allowed in to speak to my client because of the Order. I spoke to someone at the desk in the ERO Office who confirmed that my client was still there, inside Whipple. I told him that I wanted to see my client and was told I could not. I then presented a copy of the Order to this person and several ICE agents who were milling around the desk. They seemed surprised and said that this was the first they were seeing of the Order. I was then told to wait and was told someone would go find my client. During this same time, between the hours of 8:16am and 11:22am on February 13, I called (612) 409-7799 (the St. Paul Field Office's number) sixteen times. *Every single call went unanswered.*

7.      I waited for four and a half hours. An ICE agent would occasionally come by and tell me they were trying to find my client and would get me in to see him soon. At 1:30pm, an ICE agent told me that my client had been put on a bus to Kandiyohi County Jail that morning, a couple hours after I arrived at Whipple. This was an extremely frustrating experience because my client had been at Whipple when I first came to Whipple, meaning ICE had wasted my entire morning. This also prevented me from having an in-person meeting with my client, who was now once again detained two hours from me. That same day, I also experienced – and heard from other attorneys – ICE refusing to allow attorneys to speak with detained clients unless they had a G-28 executed by the client, but were not allowing attorneys to see clients to have them sign the G-28 form. Even when provided with the Order that said even *prospective* counsel must be granted access to clients, ICE maintained the position that they would not allow anyone to see a client unless they were previously a G-28 attorney of record. Even with a G-28, they refused to allow me to see my client.

8.      The Order states that ICE needs to clearly display a phone number online by which attorneys can contact their clients at Whipple. The number displayed (612 409 7799) on the website has not been working since the Order. When I called this number before the Order, someone from the St. Paul office would (very occasionally) answer, although more often the call would go unanswered. Any time that I have called this number after the Order, my call has been re-routed

to a location outside of Minnesota. Sometimes the phone will just ring (for up to ten minutes), after which I hang up. Other times, someone in D.C. picks up and refuses to give me any information about my client. They refused to identify themselves by name or by office. They just told me that I needed to call the St. Paul office, to which I responded, "I called the St. Paul office and was sent to you."

9. I have called the St. Paul Field Office number at least thirty times between February 12 and February 18 and have not been able to speak with somebody at the St. Paul Office who could assist me in contacting a client, nor have I received a return phone call. Before the Order, I would also occasionally have luck calling the ERO office in Whipple at (612) 843-8600. Since then, I have not had any luck connecting with anyone at this office who could connect me with my client or even provide me any information on my client. I have called at least three times between February 12 and February 14, and have yet to be able to speak with somebody at the St. Paul office who could assist me in contacting a client or received a return phone call. Since the Order, all my calls to the St. Paul Field Office have gone unanswered.

10. In short, the phone numbers ICE provides to attorneys for client information and contact have been useless since the Order. ICE seemed to stop answering these phones after February 12.

11. In addition, ICE has not responded to emails sent to its St. Paul Office. On February 13, 2026, at 10:15am, I emailed stpaul.outreach@ice.dhs.gov, attached a copy of the Order, and asked that my name and contact information be provided to Client A. I never got a response, nor was my information given to Client A by ICE. To my knowledge, Client A did not receive a copy of the Order or the Notice of Rights while he was being held at Whipple or Kandiyohi. My client was able to call me from Kandiyohi after his family gave him my number, but that call was through the regular jail line, so I have doubts that it was confidential.

12. On February 17, 2026, the habeas petition for Client A was granted. The Order granting the petition for Client A included a mandate that Respondents return his immigration documents and any identification upon his release. However, when he was released from the Whipple building, the ICE officers explicitly stated they were withholding and would not be returning to him Minnesota drivers' license, his valid Employment Authorization card, and his passport. They did not return those items to him; instead, the U.S. Attorney for Respondents had to get involved and force them to return my client's identification and immigration documents to me the day after Client A was released.

I declare the foregoing is true and accurate to the best of my knowledge.

Dated: March 6, 2026                            */s/ Grace F. Jacobson*
                                                Grace Jacobson