UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS; L.H.M, | ) ) ) | No. 26-cv-749-NEB/DLM |
| Plaintiffs, | ) ) ) ) | The Hon. Douglas L. Micko |
| v. | ) ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS; MARCOS CHARLES; DAVID EASTERWOOD; U.S. FEDERAL PROTECTIVE SERVICE; FARON K. PARAMORE, | ) ) ) ) ) ) ) | |
| Defendants. | | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED UNDER INITIALS**

## I.    Introduction

Pursuant to Local Rule 7.1(b)(2), Defendants submit this opposition to Plaintiffs' motion for the individual Plaintiff in this action, whom Plaintiffs refer to as "L.H.M.," to proceed pseudonymously.[1]  ECF Nos. 2-7.  This is not an exceptional case justifying a plaintiff's pseudonymous appearance.   Plaintiffs' request is based on a claimed fear of retaliation by Defendants but is unsupported by the record and the authorities upon which Plaintiffs rely. Withholding L.H.M.'s identity prejudices Defendants by undermining their ability to investigate

---

[1]    The Court has not set a hearing date on this motion. Undersigned counsel entered an appearance in this action several weeks after Plaintiffs filed their complaint.  Upon undersigned counsel's information and belief, Plaintiffs' counsel did not ask Defendants to meet and confer as required under Local Rule 7.1(b) before or after filing their motion to proceed by initials and have not obtained a hearing date.  *See* ECF Nos. 6 & 7.

L.H.M.'s allegations, upon which Plaintiffs rely in their pending motion for a preliminary injunction. As to any interest that L.H.M. has in shielding her identity from the public, there exist other mechanisms, including Defendants' agreement not to disclose L.H.M.'s identity and personally identifying information in public filings in this case. The Court therefore should deny Plaintiffs' motion to proceed under initials and order Plaintiffs to disclose L.H.M.'s identity to Defendants forthwith.

## II.    Background

Plaintiffs L.H.M. and The Advocates for Human Rights ("AHR"), a nonprofit organization, initiated this action on January 27, 2026. ECF No. 1. Plaintiffs allege that U.S. Immigration and Enforcement's ("ICE") St. Paul Field Office does not provide aliens whom it holds temporarily at the Whipple Federal Building ("Whipple") while they await transport elsewhere, with access to counsel. See ECF No. 1 ¶ 29. Plaintiffs contend that Defendants do not allow outgoing phone calls at Whipple, *id.* ¶ 32, Whipple has no place for detainees to call counsel privately, and ICE personnel can and do listen in on detainees' phone conversations, id. ¶ 33. Plaintiffs allege that Defendants make it impossible for attorneys to schedule calls with their clients while their clients are detained at Whipple. *Id.* ¶ 31. Plaintiffs also seek certification of a class of all persons initially detained in Minnesota under the Immigration and Nationality Act. *Id.* ¶ 39; ECF No. 34.

On January 27, 2026, Plaintiffs moved for L.H.M. and her Next Friend, C.A., to appear pseudonymously. ECF No. 2; Memorandum, ECF No. 4 at 3-6; Proposed Order, ECF No. 3. In their motion, Plaintiffs seek to hide L.H.M.'s identity from Defendants due to a "strong risk" of retaliation from Defendants. ECF No. 4 at 3. Plaintiffs assert that L.H.M. already has been detained by ICE, L.H.M. and L.H.M.'s family members, including C.A., "remain at risk of further immigration enforcement actions," and that by bringing this action L.H.M., C.A., and their families "will be targeted for retaliatory immigration-related actions, including harassment, interrogation, arrest, detention,

transfer out of Minnesota, or deportation." ECF No. 4 at 4 (citing ECF No. 5, a declaration by C.A.). Plaintiffs have not submitted any personal attestation of fear of retaliation by L.H.M.[2]

On January 28, 2026, Plaintiffs moved for a temporary restraining order (TRO). ECF No. 17. On February 5, 2026, the day before the hearing of the Plaintiffs' motion for a TRO, Plaintiffs submitted a declaration by L.H.M. but did not identify her. ECF No. 77. L.H.M. did not claim to fear retaliation by Defendants. *Id.*

During the hearing on Plaintiffs' motion for a TRO, held on February 6, 2026, Defendants noted the absence of any way to identify L.H.M. *See* Tr. (Feb. 6, 2026) at 42-46. On February 12, 2026, the Court issued an order granting Plaintiffs' request for a TRO and ordered immediate injunctive relief. ECF No. 95. Defendants have asked Plaintiffs repeatedly to identify L.H.M. and her Next Friend C.A., in two meet-and-confers and in several emails. *See* Exhibit A. Plaintiffs refuse, unless Defendants agree to a protective order restricting the sharing of L.H.M.'s identity only with counsel who have entered an appearance in the case.[3] *Id.*

On February 22, 2026, the Court granted Plaintiffs' motion for expedited discovery, over Defendants' opposition. ECF No. 101.

On March 6, 2026, Plaintiffs filed a preliminary-injunction brief. ECF No. 135. In their

---

[2]     Plaintiffs did submit a declaration by C.A. in which C.A. attested that she was afraid that ICE and other government agents will retaliate against L.H.M. or C.A., or their family on the basis that L.H.M. and C.A. are a part of this lawsuit. ECF No. 5 ¶ 9. On March 3, 2026, , over Defendants' opposition the Court granted Plaintiffs' motion to remove C.A. as a Next Friend. ECF No. 130.

[3]     While Plaintiffs state that they are open to additional government attorneys having access to L.H.M.'s identity, such an arrangement is not workable, given that Defendants include the Department of Homeland Security (DHS) and its sub-agency, ICE, and Congress has delegated a broad swathe of the responsibilities in the Immigration and Nationality Act, including not only immigration enforcement but the adjudication of immigration benefits, to DHS and its sub-agencies.

brief, Plaintiffs rely on L.H.M.'s declaration. Defendants' response to Plaintiffs' preliminary-injunction brief is due at 5:00pm on March 12, 2026. ECF No. 134. Plaintiffs still have not shared L.H.M.'s identity with Defendants. Defendants ask the Court to rule on Plaintiffs' motion to proceed under initials, ECF No. 2, forthwith so that Defendants may know whether they will be able to obtain any information needed to test and refute L.H.M.'s allegations.

## III.    Legal Standard

Federal courts disfavor the use of anonymity or fictitious names in legal proceedings. *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1076 (8th Cir. 2024) (citing *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); Requirement That Pleadings Be Captioned, 5A Fed. Prac. & Proc. Civ. § 1321 (4th ed.) (observing that "because of the presumption of openness with regard to American judicial proceedings, federal courts generally have been rather rigorous in not allowing the plaintiff to commence an action anonymously or to proceed under a pseudonym, unless the plaintiff is a minor"). The use of fictitious names runs afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto. *Cajune*, 105 F.4th at 1076. "There is a First Amendment interest in public proceedings, and identifying the parties to an action is an important part of making it truly public." *Id*. at 1077 (quoting *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998)). Nothing in the Federal Rules of Civil Procedure allows plaintiffs to proceed under pseudonyms. Rather, the Federal Rules explicitly provide otherwise. Rule 10(a) provides that "[t]he title of the complaint must name all the parties." Rule 17(a) requires that "[a]n action . . . be prosecuted in the name of the real party in interest." *Id*. Thus, the default is that plaintiffs identify themselves.

In exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a

pseudonym. *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). Proceeding anonymously, however, is a rare dispensation. 5A Fed. Prac. & Proc. Civ. § 1321 & n.11 (observing that in cases where a plaintiff could face harassment, prejudice, a loss of privacy, or some other palpable injury, courts—upon a showing of exceptional circumstances—have been willing to make an exception to this rule and permit a plaintiff to proceed anonymously) (collecting cases)).

The party seeking pseudonymity bears the burden of rebutting the strong presumption against it. *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 73 (1st Cir. 2022). In most cases, a district court should require a declaration or affidavit either by the moving party or by someone with special knowledge who can speak to the need for anonymity in that case. *Id*. (citing *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (allowing use of pseudonym premised upon evidence that disclosure of plaintiff-inmate's history of being sexually abused would create a significant risk of severe harm at the hands of other inmates and relying on an opinion of a person familiar with the prison system); *Doe v. Trs. of Indiana Univ.*, No. 12-1593, 2013 WL 3353944, at *3 (S.D. Ind. July 3, 2013) (relying on affidavit from that plaintiff's psychiatrist)).

In *Cajune* the Eighth Circuit joined its sister circuits in holding that a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure. *Id*. The Eight Circuit did not adopt a fixed set of factors but observed that factors that are relevant to this balancing inquiry will depend on the facts of the case in question and identified factors that may be relevant in weighing the competing interests. *Id*.

The *Cajune* court considered the Fifth Circuit's observation of three factors common to those exceptional cases in which courts have found party anonymity justified: (1) the party seeking anonymity was challenging government activity; (2) identification threatened to reveal

information of a sensitive and highly personal nature; and (3) a party would be required, absent

anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution.

*Cajune*, 105 F.4th at 1077 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).  It observed

that, in addition to the three common factors, the danger of retaliation is "often a compelling

ground" in favor of anonymity.  *Id.* (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir.

2004)).  The Eighth Circuit also observed that certain factors weigh *against* plaintiff anonymity,

which include "whether the party's requested anonymity poses a unique threat of fundamental

unfairness to the defendant," *id.* (quoting *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247

(11th Cir. 2020)), whether the public's interest in the case is furthered by requiring that the litigants

disclose their identities, *id.* (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058,

1068 (9th Cir. 2000)), and whether there exist alternative mechanisms that could protect the

confidentiality of the litigants, *see id.* (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185,

190 (2d Cir. 2008)); *id.* (emphasizing that the aforementioned factors are non-exhaustive and that

other factors, or a combination thereof, may be relevant).

## IV.    Argument

        This is not an exceptional case justifying that L.H.M. appear only by her initials.  Plaintiffs'

claimed fear of retaliation, a fear that even L.H.M. herself has not expressed, is conclusory and

thinly supported by the record.  While L.H.M. brings this action against ICE, a law-enforcement

agency responsible for enforcing immigration laws, and L.H.M.'s former Next Friend C.A.

contends that L.H.M. was detained by ICE, Plaintiffs allege nothing else regarding L.H.M.'s

personal circumstances that would support a finding of a reasonable fear of retaliation.  Plaintiffs

allege that L.H.M. fears retaliation because courts have found, in other cases, "clear evidence of

targeting of noncitizens for exercising their constitutional rights."  ECF No. 4 at 4 (citing

*Mohammed H. v. Trump*, 781 F. Supp. 3d 886, 892-93 (D. Minn. 2025); *Doe #1 v. Trump*, 785 F.

Supp. 3d 575, 583 (D. Ariz. 2025)).  But Plaintiffs do not articulate what constitutional right L.H.M. exercised, or the action that L.H.M. took to exercise a constitutional right.  Plaintiffs appear to argue that L.H.M.'s exercise of a constitutional right is the filing of this lawsuit.  But that reasoning is circular and does not justify anonymity.

That L.H.M. probably is not a U.S. citizen and has named ICE as a defendant does not support a fear of retaliation.  ICE is a defendant in a large volume of actions in federal courts.  At any given time in the past couple of years, ICE is a defendant in hundreds or thousands of cases.[4] Since January 1, 2025, more than 24,000 habeas petitions have been filed by aliens in immigration detention.  *See* ProPublica, Tracking Habeas Cases, available at https://projects. propublica.org/ habeas-tracker (viewed March 8, 2026) (data as of March 2, 2026).  Plaintiffs have not distinguished L.H.M. from the thousands of other district court litigants against ICE.

Plaintiffs rely on recent student visa cases, ECF No. 4 at 3-4, but do not allege that L.H.M. is in the United States on a student visa.  Nor do they provide a record of personal circumstances or any immigration posture similar to being present in the United States on a student visa or other status that could be revoked, that could possibly support a finding of a reasonable fear of retaliation by ICE.  Plaintiffs cite *Mohammed H.*, *see* ECF No. 4 at 4, in which a court concluded that a

---

[4]    The exact number of lawsuits in which ICE is a defendant is difficult to ascertain. According to the Public Access to Court Electronic Records (PACER), which is administered by the Administrative Office of the U.S. Courts, 1,446 actions have been filed since January 1, 2003, in U.S. district courts, in which ICE is a defendant.  *See* https://pcl.uscourts.gov/pcl/pages/welcome.jsf  (filtering for actions in district court in which the defendant is "Immigration and Customs Enforcement" or "U.S. Immigration and Customs Enforcement").  According to one private-sector lawsuit data tracking source, ICE and its Field Offices are named as defendants in more than 5,600 open lawsuits filed since January 1, 2023, nationwide. *See* https://law.lexmachina.com/ (viewed March 9, 2026) (showing 5,648 federal district court cases with Miami Field Office Director, Immigration and Customs Enforcement or 106 other ICE entities and officials sued in their capacities as ICE officials, as defendants, pending between January 1, 2023 and March 8, 2026).

foreign student presented a substantial First Amendment retaliation claim arising out of his expressions of support on social media for Palestinian human rights, where the government provided varying explanations for his detention. *Mohammed H.*, 781 F. Supp. at 892. In *Doe #1*, *see* ECF No. 4 at 4-5, a foreign student alleged that federal officials acted unlawfully when they terminated her record in the Student and Exchange Visitor Information System (SEVIS), a system of information about foreign students, because of her alleged past criminal activity. *Doe #1*, 785 F. Supp. 3d at 583. The *Doe #1* court determined that the disclosure of Doe #1's identity would tarnish her reputation and academic and career prospects, including her ability to engage in optional practical training, if shared with third parties, and allowed Doe #1 to appear anonymously. *Id*. Similarly, Plaintiffs rely upon *Student Doe # 1 v. Noem*, No. 5:25-CV-00847-SSS-SHKX, 2025 WL 1421371, at *4 (C.D. Cal. Apr. 25, 2025), *see* ECF No. 4 at 5, in which a court considered evidence showing that Student Doe #1's terminated SEVIS record and F-1 student visa status made Student Doe #1 particularly vulnerable to detention or arrest. *Student Doe # 1,* 2025 WL 1421371, at *4. Plaintiffs cite no such circumstances in L.H.M.'s case.

Plaintiffs also rely on *Doe v. ICE*, No. 1:23-CV-00971-MLG-JMR, 2024 WL 4389461, at *3 (D.N.M. Oct. 3, 2024), ECF No. 4 at 5, in which three plaintiffs claimed to fear retaliation because they were suing ICE over allegedly inhumane conditions at an immigration detention facility run by an ICE contractor, and the plaintiffs had been transferred to another facility run by the same contractor, and because they had applied for asylum from, and feared being tortured if they returned to, their native Venezuela if their identities became public. 2024 WL 4389461, at *3. Again, Plaintiffs have not alleged anything so specific as to L.H.M. here. Moreover, in contrast to Mohammed H., Doe # 1, Student Doe #1, and the plaintiffs in *Doe*, Plaintiffs steadfastly have refused to disclose L.H.M.'s identity to Defendants.

Plaintiffs' reliance upon *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 509 (M.D. Pa. 2007), *see* ECF No. 4 at 5, is inapposite. The *Lozano* plaintiffs, aliens of uncertain immigration status challenging the validity of ordinances regulating the rental housing and employment of undocumented aliens, presented evidence showing that they feared not only the possibility that the defendant municipality would disclose their names to federal immigration authorities but also consequences of the publicity and controversial nature of the lawsuit locally, as exhibited by their evidence of anti-immigrant and anti-Latino sentiment within their town, including hate mail that they had received, newspaper clippings, personal confrontations during peaceful demonstrations, and targeted harassment by supporters of the ordinance against a putative plaintiff by name. *Id*. at 507-10. Such a record is lacking here.[5] The same is true as to Plaintiffs' reliance on *Advanced Textile Corp*., 214 F.3d at 1072, ECF No. 4 at 5, in which the plaintiffs' circumstances as foreign workers who were present in Saipan for the sole purpose of working in the garment factories of the defendants in that case, were not free to change employers, and effectively were subject to deportation at the behest of their defendant employers, made those plaintiffs targets of retaliation. *Advanced Textile Corp.,* 214 F.3d at 1072. In contrast, L.H.M. has not made any such specific, personalized allegations.

Withholding L.H.M.'s identity from Defendants, on the other hand, had prejudiced Defendants. L.H.M. alleges that Defendants did not allow her to make telephone calls while she was detained at the Whipple Federal Building, ECF No. 77 ¶ 19, and that ICE officers refused to allow her to speak with her attorney, *id*. ¶ 20. The Court relied upon these allegations in its memorandum supporting its order granting Plaintiffs' request for a TRO. ECF No 95 at 18. The

---

[5]    Plaintiffs do cite to reports of harassment and threats against Somali residents of Minnesota, ECF No. 4 at 7, n.1, but L.H.M. claims to be a native and citizen of Honduras, ECF No. 77 ¶ 1.

record does contain potentially contradictory information, given that, according to C.A, L.H.M. called her sister from the Whipple building. ECF No. 5 ¶ 4. Without knowing L.H.M.'s identity, Defendants remain unable to investigate L.H.M.'s allegations. In their preliminary injunction brief filed on March 6, 2026, Plaintiffs again rely on L.H.M.'s declaration, ECF No. 136 at 8 (citing ECF No. 77 ¶ 8); *id*. at 9, 11 (citing ECF No. 77 ¶ 19), again prejudicing Defendants' ability to Defend themselves. Even if Defendants investigate L.H.M.'s allegations and find that they are true, Defendants are entitled to know that, and it would be far more conducive to the orderly litigation of this case than not being able to test the allegations at all.

Plaintiffs already have unilaterally granted themselves the relief they request by refusing to disclose L.H.M.'s identity to Defendants. Plaintiffs insist on entering a protective order that they drafted, which would limit Defendants from sharing L.H.M.'s identity as a plaintiff in this litigation within the government. Defendants cannot restrict knowledge of L.H.M.'s identity to certain people within the Defendant agencies. Defendants are responsible for enforcement of the nation's immigration laws, and Defendant DHS is responsible for other functions that include adjudications of applications for immigration benefits. Limiting the sharing of L.H.M.'s identity and information about L.H.M. gained during the course of this litigation could confer upon L.H.M. an advantage not available to other aliens.

Plaintiffs also seek to protect L.H.M.'s identity from public disclosure. ECF No. 4 at 7-8. Defendants do not oppose Plaintiffs' request to seal L.H.M.'s name and personally identifying information in public filings in this case.

## V.    Conclusion

For the foregoing reasons, Defendants respectfully request that the Court to issue a decision denying Plaintiffs' motion for L.H.M. to appear pseudonymously.

Dated: March 11, 2026                    Respectfully Submitted,

                                         BRETT A. SHUMATE
                                         Assistant Attorney General
                                         Civil Division

                                         GLENN M. GIRDHARRY
                                         Acting Deputy Director

                                         WILLIAM C. SILVIS
                                         Assistant Director

                                         *s/ Christina Parascandola*
                                         CHRISTINA PARASCANDOLA
                                         Senior Litigation Counsel
                                         ANDREW C. ABRAMS
                                         Trial Attorney
                                         U.S. Dept. of Justice, Civil Division
                                         Office of Immigration Litigation
                                         P.O. Box 878
                                         Washington, DC 20044
                                         (202) 514-3097
                                         christina.parascandola@usdoj.gov

                                         Attorneys for Defendants