UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS, *et al.* | Case No. 0:26-cv-00749 (NEB/DLM) |
| Plaintiffs, | **[PROPOSED REDLINE] PRELIMINARY INJUNCTION** |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | |

For the reasons stated in the accompanying Opinion, it is hereby ORDERED as follows:

1.    Defendants shall ensure that every noncitizen taken into custody under the Immigration and Nationality Act in Minnesota~~and initially detained at the ERO Holding Facility at the Bishop Henry Whipple Federal Building located at 1 Federal Drive, Fort Snelling, Minnesota~~ ("Detainee"), within one hour of their **detention and prior to being transferred out of state**, is given the following materials:

   a.  Defendants shall provide Detainees their A-number in writing.

   b.  Defendants shall provide a printed copy of Exhibit A to this Order.

   c.  Defendants shall attach to Exhibit A a list of accurate telephone numbers for current free legal service providers serving the

1

jurisdiction of the ICE Enforcement and Removal Operations St. Paul Office.

d. **Exhibit A**, the **list of free legal service providers**, and **written notification of the Detainee's A-number** shall be furnished to each Detainee in English, Spanish, Somali, French, and Hmong. Defendants shall provide, without charge, to each Detainee who is illiterate or not proficient in any of those languages an in-person or telephonic oral translation of these materials.

2.    Defendants shall provide Detainees with reasonable and equitable access to telephones. **Within one hour of detention and prior to being transferred out of the Whipple Federal Building**, Detainees shall be provided free, private, and unmonitored access to the telephone. Defendants shall permit Detainees to make the number of calls necessary to reach counsel or family.

3.    Thereafter, Defendants shall provide Detainees with access to confidential telephone calls with their legal representation at no charge to the Detainee.

a. Defendants shall not restrict the number of calls a Detainee places to their legal representatives or to obtain representation. Defendants shall not limit the duration of such calls by rule or automatic cut-off, unless necessary for security purposes or to maintain orderly and fair access to telephones. If time limits are necessary for such calls, the calls shall be no shorter than 20

minutes, and the Detainee shall be allowed to continue the call, if desired, at the first available opportunity. Additionally, Defendants shall ensure privacy for Detainees' telephone calls regarding legal matters. Detainees must be able to make such calls without being overheard by officers, other staff, or other Detainees.

b.  Defendants shall allow inbound confidential calls from Detainees' legal representation. A telephone number for counsel to call in order to reach Detainees shall be conspicuously displayed online. Defendants shall monitor that telephone line from 9:00 A.M. to 5:00 P.M. CST, seven days per week. If an attorney requests that Defendants provide the attorney's name, phone number, or other message to a Detainee, the Detainee shall receive that information, in writing, as promptly as possible.

4.      Detainees with disabilities shall be provided access to telephone services on the same terms as Detainees without disabilities are provided access to telephones. Such telephone services may include video relay service or video remote interpretation service.

5.      Defendants shall ensure that the Online Detainee Locator System of defendant Immigrations and Customs Enforcement accurately identifies the location of each Detainee by name, date of birth, and A-number in real time.

6.      Defendants shall not transfer a Detainee out of Minnesota during the first 72 hours of their detention.

7.      If Defendants transfer a Detainee ~~from the Whipple Federal Building~~out of state, the following obligations apply:

  a. First and foremost, Defendants shall inform the Detainee of the transfer destination.

  b. After being told the transfer destination, Defendants shall provide the Detainee with the opportunity to use the telephone until they are able to reach counsel or family. These calls shall be free, private, and accessible as outlined in Paragraphs 2 and 4, above.

8.      Defendants shall provide access to the Whipple Federal Building for legal visitation by current and prospective attorneys, legal representatives, and legal assistants. Legal visitation shall be permitted seven days per week, for a minimum of eight hours per day on business days (Monday through Friday), and a minimum of four hours per day on weekends and holidays. Defendants shall provide private rooms for closed-door discussions between Detainees and current and prospective attorneys, legal representatives, and legal assistants.

9.      Paragraphs 2, 3, 4, and 8 do not apply to Detainees while they are held at county jails. However, nothing in this Order should be construed to diminish the obligations of Defendants or anybody acting in concert with them to facilitate access to counsel for persons detained in county jails.

~~9.~~10.  Defendants shall not retaliate in any manner against any Plaintiff or Detainee, including in their immigration proceedings or in any

other context, for participating in this litigation or complaining about any alleged violation of this ~~Temporary Restraining Order~~Preliminary Injunction.

10.11.       Defendants shall disseminate notice of this Order to all agents stationed at the Whipple Federal Building and those responsible for the building's operations, including providing copies in paper or electronic format. The Order must be distributed to those individuals within 12 hours of its issuance.

Dated:_____        _____
                                     THE HONORABLE NANCY E. BRASEL
                                     UNITED STATES DISTRICT JUDGE