UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THE ADVOCATES FOR HUMAN RIGHTS; ) No. 26-cv-749-NEB/DLM
L.H.M, )
 )
 )
 Plaintiffs, )
 ) The Hon. Nancy E. Brasel
 v. )
U.S. DEPARTMENT OF HOMELAND )
SECURITY; MARKWAYNE MULLIN; U.S. )
IMMIGRATION AND CUSTOMS )
ENFORCEMENT; TODD LYONS; MARCOS )
CHARLES; DAVID EASTERWOOD; U.S. )
FEDERAL PROTECTIVE SERVICE; FARON )
K. PARAMORE, )

 Defendants.

---

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

COME NOW Defendants, Markwayne Mullin, Todd Lyons, Marcos Charles, David

Easterwood, Faron K. Paramore, U.S. Department of Homeland Security ("DHS"), U.S.

Immigration and Customs Enforcement ("ICE"), and U.S. Federal Protective Service ("FPS")

(collectively, "Defendants"), hereby answer Plaintiffs' Class Action Complaint.[1]  ECF No. 1.

The numbered paragraphs and headings of this Answer correspond to the numbered paragraphs

and headings of Plaintiffs' Complaint.  Any allegation that Defendants do not specifically admit

is denied.  Defendants reserve the right to amend, alter, and supplement the defenses contained in

this Answer as the facts and circumstances giving rise to this Complaint become known to

Defendants through the course of this litigation.

---

[1]    Markwayne Mullin was sworn in as the Secretary of Homeland Security on March 24, 2026, replacing former Secretary of Homeland Security Kristi Noem.  Pursuant to Federal Rule of Civil Procedure 25(d), Mullin is substituted for Noem.

**PREFATORY STATEMENT**

Plaintiffs' unnumbered prefatory statement on page 1 of their Complaint contains a quotation and an attribution, to which no response is required. If a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the prefatory statement.

**INTRODUCTION**

1. Paragraph 1 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 except that Defendants admit that the Bishop Henry Whipple Building is a building occupied by the federal government and that it was named for Bishop Henry Whipple.

2. Paragraph 2 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3, except that Defendants admit that in *Mercado v. Noem*, 800 F. Supp. 3d 526 (S.D.N.Y. 2025) a court in the U.S. District Court of the Southern District of New York granted a request, by ICE detainees at a New York facility, for a preliminary injunction, where the ICE detainees alleged that certain Defendants did not provide the detainees with adequate access to counsel, and that the document Plaintiffs cite at *Gonzalez v. Noem*, No. 25 C 13323, 2025 WL 3170784 (N.D. Ill. Nov. 5, 2025), is a temporary restraining order in which a district court in the U.S. District Court for the Northern District of Illinois ordered that certain Defendants provide ICE detainees at an Illinois facility telephone services to communicate with their counsel in private and without cost, and other relief related to access to counsel.

4. Paragraph 4 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4.

## PARTIES

5. Paragraph 5 consists of Plaintiffs' description of the organizational Plaintiff, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7. Defendants admit the allegations in the first sentence in Paragraph 7 and deny the allegations in the second sentence in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants admit the allegations in the first and second sentences in Paragraph 9 and deny the allegation in the third sentence in Paragraph 9.

10. Defendants admit the allegations in the first and third sentences in Paragraph 10 and deny the allegations in the second sentence of Paragraph 10.

11. Defendants admit the allegations in the first and third sentences in Paragraph 11 and deny the allegations in the second sentence in Paragraph 11.

12. Defendants admit the allegations in the first and third sentences in Paragraph 12 and deny the allegations in the second sentence in Paragraph 12.

13. Defendant FPS admits the allegations in Paragraph 13.

14. Defendant FPS admits the allegations in Paragraph 14.

## JURISDICTION

15. Defendants admit the allegations in Paragraph 15.

16.    Defendants admit organizational Plaintiff's allegations in Paragraph 16.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 as to the individual Plaintiff, L.H.M.

**FACTS**

17.    Defendants admit the allegations in Paragraph 17.

18.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.    Defendants deny the allegations in Paragraph 19.

20.    Defendants deny the allegations in Paragraph 20.

21.    Defendants admit the allegations in Paragraph 21.

22.    Defendants admit the allegations in Paragraph 22.

23.    Defendants deny the allegations in Paragraph 23.

24.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, except that Defendants admit that there have been protests at Whipple.

25.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26.    Defendants admit the allegations in Paragraph 26.

27.    Defendants admit that the Whipple Hold Room lacks beds and deny the remaining allegations in Paragraph 27.

28.    Defendants admit the allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

30.  Defendant FPS denies the allegations in Paragraph 30.  The other Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.  Defendants deny the allegations in Paragraph 31.

32.  Defendants deny the allegations in Paragraph 32.

33.  Defendants deny the allegations in Paragraph 33.

34.  Defendants deny the allegations in Paragraph 34.

35.  Defendants deny the allegations in Paragraph 35.

36.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

### CLASS ALLEGATIONS

38.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.  Defendants deny the allegations in Paragraph 40.

41.  Defendants deny the allegations in Paragraph 41.

42.  Defendants deny the allegations in Paragraph 42.

43.  Defendants deny the allegations in Paragraph 43.

44.  Paragraph 44 consists of Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

## CAUSES OF ACTION

### COUNT 1
### First Amendment
### (All Plaintiffs)

46.     Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 45 of the Complaint.

47.     The allegations in Paragraph 47 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants admit the allegations in the first sentence in Paragraph 49 and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

### COUNT 2
### First Amendment
### (AHR)

52.     Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 51 of the Complaint.

53.     The allegations in Paragraph 53 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 53.

54. The allegations in Paragraph 54 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

**COUNT 3**
**Fifth Amendment**
**(All Plaintiffs)**

58. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 58 of the Complaint.

59. The allegations in Paragraph 59 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 59.

60. The allegations in Paragraph 60 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

**COUNT 4**
**Immigration and Nationality Act**
**(All Plaintiffs)**

63. The allegations in Paragraph 63 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

## COUNT 5
### Administrative Procedure Act, Not in Accordance with Law
### (Immigration and Nationality Act)
### (All Plaintiffs)

65. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 64 of the Complaint.

66. The allegations in Paragraph 66 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

## COUNT 6
### *Accardi* Doctrine
### (All Plaintiffs)

70. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 69 of the Complaint.

71. The allegations in Paragraph 71 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 71.

72. Defendants admit the allegations in Paragraph 72.

73. Paragraph 73 consists of Plaintiffs' citation to ICE, *National Detention Standards*, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 73.

74. Paragraph 74 consists of Plaintiffs' citation to ICE, *National Detention Standards*, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny that ICE, *National Detention Standards* apply to the Whipple Holding Facility. Defendants admit the remainder of the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

**COUNT 7**
**Administrative Procedure Act, Arbitrary and Capricious**
**(*Accardi* Doctrine)**
**(All Plaintiffs)**

79. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 78 of the Complaint.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

**COUNT 8**
**Administrative Procedure Act, Arbitrary and Capricious**
**(All Plaintiffs)**

84. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 83 of the Complaint.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87.    Defendants deny the allegations in Paragraph 87.

## PRAYER FOR RELIEF

Paragraphs 1 through 8 consists of Plaintiffs' requests for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Without waiver of their Answer and without conceding any issues regarding burden of proof, persuasion, or production, where the burden is upon Plaintiffs, Defendants assert the following affirmative defenses:

1.  Plaintiffs cannot prevail over their claims, in whole or in part, because some or all the actions they seek to challenge are committed to Executive Branch discretion. Among other things, these determinations involve political, immigration, foreign policy, or resource allocation questions that are outside the province of the courts.

2.  Any errors of law committed by Defendants, which Defendants expressly deny, were harmless and not prejudicial, and warrant none of the relief requested in the Complaint.

3.  Plaintiffs are not entitled to relief, attorneys' fees, costs of suit, or damages.

4.  Plaintiffs have not met the requirements under Fed. R. Civ. P. 23 to maintain this action as a class action.

5.  Although Defendants do not presently have specific facts in support of remaining defenses, Defendants hereby put Plaintiffs on notice that Defendants may raise affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, and fraud.

Dated: March 30, 2026                    Respectfully Submitted,


                                         BRETT A. SHUMATE
                                         Assistant Attorney General
                                         Civil Division

                                         GLENN M. GIRDHARRY
                                         Acting Deputy Director

                                         MICHAEL A. CELONE
                                         Senior Litigation Counsel

                                          s/ *Christina Parascandola*
                                         CHRISTINA PARASCANDOLA
                                         Senior Litigation Counsel
                                         ANDREW C. ABRAMS
                                         Trial Attorney
                                         U.S. Dept. of Justice, Civil Division
                                         Office of Immigration Litigation
                                         P.O. Box 878
                                         Washington, DC 20044
                                         (202) 514-3097
                                         christina.parascandola@usdoj.gov

                                         Attorneys for Defendants