**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| THE ADVOCATES FOR HUMAN RIGHTS; L.H.M, | Case No. 26-CV-749 (NEB/DLM) |
| Plaintiffs, | |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS; MARCOS CHARLES; DAVID EASTERWOOD; U.S. FEDERAL PROTECTIVE SERVICE; FARON K. PARAMORE, | ORDER ON MOTION FOR INDICATIVE RULING |
| Defendants. | |

Three months ago, the Court issued a preliminary injunction, concluding that Plaintiffs were likely to succeed on their claim that ICE unconstitutionally deprived detained noncitizens of their right to access counsel. (ECF No. 178.) The preliminary injunction includes several forms of relief, including that ICE may not transfer a detainee out of Minnesota during the first 72 hours of their detention. (*Id.* at 67.)

Defendants moved to dissolve the transfer hold (ECF No. 198), but then, four days later, Defendants appealed (ECF No. 200). Now Defendants move for an indicative ruling on the motion to dissolve. (ECF No. 207.)

All parties agree that the notice of appeal deprives the Court of jurisdiction over the motion to dissolve the transfer. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56,

58 (1982) (per curiam) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."); *FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014). Rule 62.1 of the Federal Rules of Civil Procedure creates an outlet for district courts to consider motions during appeal. In that situation, a district court may defer considering the motion, deny the motion, say that the motion raises a substantial issue, or say that the court would grant the motion on remand for that purpose. Fed. R. Civ. P. 62.1(a).

The Court has discretion in considering a motion for indicative ruling, *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1206 (8th Cir. 2015), and there is limited guidance on how to exercise that discretion. Other district courts have considered (a) whether an indicative ruling would result in judicial efficiency and (b) whether the district court is better suited to address the issue on which the indicative ruling is sought. *Silbersher v. Allergan Inc.*, No. 18-CV-3018 (JCS), 2024 WL 2044626, at *5–7 (N.D. Cal. May 7, 2024) (collecting cases). Neither consideration supports an indicative ruling in this case.

Defendants focus their motion for an indicative ruling on judicial efficiency, arguing thatsuch a ruling would obviate or limit the need for appellate review. But Plaintiffs would likely appeal any adverse ruling (ECF No. 220 at 9), and an indicative ruling on the same issue on appeal "only interrupts the appellate process." *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013); *Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015) ("[A]n indicative rul[ing] on the very issue on appeal would not promote judicial efficiency and fairness . . . ." (citation modified)). The Court is especially unsympathetic to Defendants' position—if they were concerned about judicial efficiency, they could have raised their legal arguments at the preliminary-injunction stage. Because

an indicative ruling would interrupt the appeal and extend the life of the lawsuit, judicial efficiency does not support Defendants' motion for an indicative ruling.

Nor is this the kind of motion that the Court is better suited to address than the Eighth Circuit. The bulk of the motion to dissolve concerns statutory limits on judicial review—a legal issue that the court of appeals considers de novo and is well equipped to address. *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago*, 297 F.R.D. at 222. Although the motion also raises factual issues, they largely mirror the issues considered at the preliminary-injunction stage such that further analysis will likely prove redundant. Regardless, the Court is assured that if the Eighth Circuit would find an indicative ruling useful, it will remand to the Court.

The Court concludes that it would be inefficient and imprudent to issue an indicative ruling, so the Court defers ruling on the motion to dissolve the transfer hold until after the appeal.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    The motion for indicative ruling (ECF No. 207) is DENIED;

2.    The Court defers ruling on the motion to dissolve the transfer hold (ECF No. 198) until the appeal concludes;

3.    The Clerk of Court is directed to terminate the pending motion at ECF No. 198; and

4.      Defendants may renew their motion, if appropriate, after the appeal.

Dated: July 22, 2026                          BY THE COURT:

                                          s/Nancy E. Brasel
                                          Nancy E. Brasel
                                          United States District Judge