**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

The Advocates for Human Rights, and L.H.M., on her own behalf and on behalf of a class of similarly situated individuals

Plaintiffs,

v.

U.S. Department of Homeland Security, Markwayne Mullin, in his official capacity as Secretary of Homeland Security, U.S. Immigration and Customs Enforcement, Todd Lyons, in his official capacity as Acting Director of Immigration and Customs Enforcement, Marcos Charles, in his official capacity as Acting Executive Director for Immigration and Customs Enforcements Enforcement and Removal Operations, David Easterwood, in his official capacity as Acting Field Office Director for Immigration and Customs Enforcements Enforcement and Removal Operations St. Paul Field Office, U.S. Federal Protective Service, and Faron K. Paramore, in his official capacity of Director of the Federal Protective Service,

Defendants.

No. 26-cv-749 (NEB/DLM)

**AMENDED PRETRIAL SCHEDULING ORDER**

Before the Court is Plaintiffs' Consent Motion to Amend the Scheduling Order. (Doc. 236.) The Court finds good cause to GRANT Plaintiffs' motion and amends the Pretrial Scheduling Order (Doc. 194). This Amended Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines. This includes, but is not limited to, promptly bringing disputes to the

Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet and confer process. In other words, simply because this schedule establishes a deadline for filing a particular nondispositive motion does not mean that a motion brought by that deadline will automatically be considered to have been timely filed if the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines in this Order and if it appears that with the exercise of diligence, the motion could have been brought sooner.

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.

**STATUS CONFERENCES**

To update the Court on the progress of discovery, facilitate the resolution of disputes, and ensure that discovery proceeds without undue delay, audio-only status conferences will be held quarterly. The first of these will be held **January 6, 2027 at 9:30 a.m.** Participants can go to Zoomgov.com and use the following login information to join the hearing:

Link: https://www.zoomgov.com/j/1658533889?pwd=yWGXZIahhaCkCPRmCBzv9d9HzvT0bp.1

Meeting ID: 165 853 3889

Passcode: 237783

To join by telephone: 1-669-254-5252

**CLASS CERTIFICATION MOTION**

Any motion for class certification must be filed on or before **July 2, 2027**. The parties are advised that the presumptive time limits set forth in District of Minnesota Local Rule 7.1(c) apply to such motions. See D. Minn. 7.1(c)(6)(C). Any request to deviate from these presumptive limits may be proposed to the Court once a hearing date is secured. Counsel for the moving party should schedule the hearing by calling the Courtroom Deputy for Judge Nancy Brasel at 651-664-5050.

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties made their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **May 22, 2026**.

2. The parties must commence fact discovery procedures in time to be completed on or before **April 19, 2027**.

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of **50** interrogatories, counted in accordance with Rule 33(a), shall be served by each party.

2. No more than **50** document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B)-(C). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than **50** requests for admissions shall be served by each side.

4. No more than **20** factual depositions, excluding expert witness depositions, shall be taken by each side.

5. The following additional limitations on discovery procedures apply:

   Plaintiffs served discovery requests during expedited discovery, and intend to

serve additional discovery requests, for documents and information that are constantly created and supplemented (for example, records regarding detainee phone calls, visitor logs, and data about transfers). The parties agree to timely supplement discovery responses as provided by Fed. R. Civ. P. 26(e).

**DEADLINES FOR EXPERT DISCOVERY**

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. Plaintiff anticipates calling up to **1-2** experts. Defendant anticipates calling up to **1-2** experts. Each party may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities by Plaintiff on or before **July 2, 2027**.

    b) Disclosures by Plaintiff on or before **July 16, 2027**.

    c) Identities by Defendants on or before **July 30, 2027**,

    d) Disclosures by Defendants on or before **August 13, 2027**.

    e) Rebuttal identities and disclosures on or before **September 3, 2027**.

3. Expert discovery, including depositions, shall be completed by **October 1, 2027**.

**PRIVILEGE LOG**

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

**NON-DISPOSITIVE MOTION DEADLINES**

1. Except as otherwise specifically set forth this section, all motions that seek to

amend the pleadings or to add parties must be filed and served on or before **March 19, 2027**. If the non-movant argues futility in opposition to a motion to amend, the movant may file a reply brief in support of the motion to amend within three (3) business days after the opposition is filed.

2. Except as otherwise specifically set forth in this section, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **July 2, 2027**.

3. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **October 15, 2027**.

**DISCOVERY DISPUTES**

Before moving for an order relating to discovery, the movant must request an informal conference with the Court. The purpose of this call is to explore narrowing the discovery dispute, confirm that informal dispute resolution is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Micko_Chambers@mnd.uscourts.gov stating:

a) the discovery dispute;

b) whether all parties agree to informal dispute resolution; and

c) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted. The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties all concede to informal dispute resolution.

**NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling or emailing Magistrate Judge Micko's Courtroom Deputy at 651-848-1900 or Micko_Chambers@mnd.uscourts.gov prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, the Courtroom Deputy must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing

hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits. Your arguments should be precise. To the extent a burden is asserted, support for this position must be included. One suggested approach is set forth below.

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits in order to understand the:

- requests at issue;
- responses and basis for objections;
- parties' positions after their meet and confer sessions;
- legal arguments; and
- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**INFORMAL DISPUTE RESOLUTION**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. Typically, if the informal dispute resolution ("IDR") process is used, the matter is not briefed and declarations and sworn affidavits are not filed. Consequently, the matter is not appropriate for appeal to the District Judge or the Eighth Circuit. Therefore, all parties must agree to use the IDR process. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the parties must jointly contact chambers to schedule a remote audio conference. The parties will then be allowed to each email to Micko_Chambers@mnd.uscourts.gov a short letter setting forth the issue(s) to be resolved. If not otherwise specified by the Court, the letter submissions shall be no more than three (3) pages in length and should be served and submitted at least two (2) business days before the hearing.

If the parties wish to proceed with IDR in a manner other than that outlined above, they should notify chambers of their specific proposal when they jointly contact chambers to schedule the hearing.

**DISPOSITIVE MOTIONS**

**Judge Nancy E. Brasel**

All dispositive motions shall be filed by the moving party on or before **December 1, 2027**. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling Judge Brasel's Courtroom Deputy at 651-664-5050. **Courtesy copies are not requested or accepted by Judge Brasel.**

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

In addition, the parties agree that privilege logs will be provided within a reasonable period following the producing party's productions. Such privilege logs will be provided in an electronic, delimited format (e.g., excel spreadsheet) pursuant to the terms of the ESI protocol.

**HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases, effective February 27, 2017, and any amendments to that Local Rule. If a joint

motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule. For example:

> (A) Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:
>
> > (i) briefly describe the document;
> >
> > (ii) explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and
> >
> > (iii) identify any nonparty who has designated the document or information in the document as confidential or proprietary.
>
> (B) Party to File Joint Motion. Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the court's website." The current form includes a list of example explanations in a footnote. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing.

*See* ***https://www.mnd.uscourts.gov/sites/mnd/files/forms/Joint-Motion-Form.pdf***.

**SETTLEMENT CONFERENCE**

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or

otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted by email to Micko_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

**TRIAL**

This case will be ready for a **bench** trial on or about **April 3, 2028**. The anticipated length of trial is **7-10** days.

DATED: October 13, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge